# WALTER M. SALFNER *vs.* THE STATE OF MARYLAND.

*Appeals in Criminal Cases—Prosecutions for Fines—Trial of Case Upon Agreed Statement of Facts—Arraignment of Prisoner—Plea to the Indictment—Trader's License—Selling Goods from Wagon in County not Covered by License.*

Under Code, Art. 5, sec. 2, an appeal lies upon questions of law, apparent on the face of the record in prosecutions for the recovery of any penalty, fine or damages. And this provision is not repealed by the Act of 1892, chap. 506, relating to appeals in criminal cases.

When, upon an indictment for selling goods without a license, the case is tried before the Court without a jury, upon an agreement of facts, the Court decides as in case of a demurrer, and upon appeal the whole record comes up, and the Court of Appeals reviews the conclusions of law founded upon the admitted facts.

It is not necessary that a party indicted for a misdemeanor should be arraigned, but there must be a plea to the indictment or a waiver thereof.

When questions of law are submitted under a case stated, there should be an agreement of counsel that the Court shall enter judgment as the law may be found.

Code, Art. 56, secs. 35 and 36, provide that a license must be obtained by traders selling merchandise from the Clerk of the Court for the county in which such selling is carried on, and that such license shall not authorize the holder to carry on any store or fixed place of business for selling in any other county than that in which such license is issued. *Held*, that a person holding a trader's license in one city or county is not authorized under it to sell and deliver goods from a wagon in another county, the wagon in such case being a fixed place of business within the purview of the statute.

Appeal from a judgment of the Circuit Court for Baltimore County, imposing a fine upon the appellant.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*O. Parker Baker*, for the appellant.

*Harry M. Clabaugh, Attorney-General* (with whom was *John S. Ensor, State's Attorney for Baltimore County,* on the brief), for the appellee.

McSHERRY, C. J., delivered the opininion of the Court.

The appellant was indicted by the grand jury of Baltimore County for selling goods, wares and merchandise without having a license.    An agreed statement of facts was entered into between the State's Attorney and the traverser's counsel, wherein the following facts appear :    That the traverser had, during the period of time covered by the indictment, a trader's license which had been issued by the Clerk of the Court of Common Pleas of Baltimore City, where the traverser resided and conducted a store ; that the traverser was in the habit of selling oil from a tank wagon throughout portions of Baltimore County where he had no fixed place of business, and that this oil was taken from his stock in trade in the Baltimore City store and was sold from the wagon in Baltimore County to such persons as desired to purchase it without having been previously ordered by them, and that these were the sales mentioned in the indictment.    Under the agreement the case was tried before the Court sitting as a jury.    A demurrer to the evidence was filed.    This we understand was intended to raise the question as to the legal sufficiency of the admitted facts to establish guilt.    No notice was taken of this demurrer by the lower Court, and a verdict of guilty was entered, whereupon a motion in arrest of judgment was filed and was overruled, and final judgment was entered.    The first and second grounds assigned in arrest of judgment assert the insufficiency of the evidence to sustain a conviction, and the third is general or not specific.    From the judgment of conviction the traverser has appealed.

It has long been held in this State, under the act of 1785, ch. 87, sec. 6, now codified in sec. 2, Art. 5 of the Code, that in prosecutions for the recovery of any " penalty, fine or damages," *an appeal will lie to this Court upon questions*

*of law apparent on the face of the record.   Queen* v. *The State*, 5 H. & I. 233 ; *Rawlings* v. *The State*, 1 Md. 127 ; *Keller* v. *The State*, 12 Md. 322.   The State's Attorney and the counsel of the traverser having entered into and filed an agreement of facts, as already stated, the case went to trial on those facts before the Court without the aid of a jury.   It thereupon became the duty of the Court to declare the law upon the facts admitted.   Such an agreement has been treated as taking the place of a special verdict, and its effect is, as in cases of special verdict, to place the facts on the record as part thereof; and on the facts thus presented it became the duty and was the province of the Court to decide as in case of demurrer.   On appeal the whole record comes up and this Court can review the conclusions of law founded by the lower Court upon the admitted facts.   This method of procedure is confined by the terms of the Act of 1785 to prosecutions for the recovery of penalties, fines and damages, and does not extend to or include any other class of criminal proceedings.   The Act of 1892, ch. 506, regulating appeals in criminal cases and placing them upon the same footing with appeals in civil cases, has not repealed sec. 2 of Art. 5 of the Code, and not having done so, the record now before us brings up the propriety of the appellant's conviction.   We proceed, then, to inquire whether, under the facts disclosed by the record, there is any error of law apparent.   Before, however, considering the merits of the case, it will not be amiss to dispose of a preliminary and purely technical question which has been urged under the general reason assigned in arrest of judgment.

The record as printed does not show that the traverser was arraigned upon the indictment or that he pleaded thereto, and this failure to arraign and omission to plead is assigned as a fatal error.   Under a writ of diminution the record has been corrected and it appears that there was a plea of not guilty though there was no arraignment.   It is unnecessary that a party accused of a misdemeanor should be arraigned; but it is indispensible that a plea should be entered to the

indictment or that the record should show he waived a plea. In *Keller's case*, 11 Md. 525, though there was an agreed statement of facts there was a plea of not guilty. The agreement before is not in form a case stated. When questions of law are submitted under an accurately drawn case stated there is always an agreement that the Court shall enter a judgment the one way or the other as, upon the facts, the law may be found or held to be. At least this is so in civil cases ; *Tyson and Rawle* v. *The Western Nat. Bank*, 77 Md. 412 ; *Burgess* v. *Pue*, 2 Gill, 291 ; and the omission of such a stipulation has been held, in civil cases, to deprive the Court of authority to enter a judgment at all. Waiving this, the whole contention on the merits is that under the admitted facts the appellant was guilty of no violation of the license laws.

By sec. 35 of Art. 56, of the Code, it is provided that " no person   *   *   other than the grower, maker, or manufacturer, shall barter or sell or otherwise dispose of, or shall offer for sale, any goods, chattels, wares or merchandise within this State, without first obtaining a license." Sec. 36 declares, " That when any person   *   *   shall propose to sell or barter, or dispose of, or offer for sale, any thing mentioned in the preceding section   *   *   he shall apply to the Clerk of the Circuit Court for the county in which he proposes to carry on such selling or bartering or disposing of goods, wares, chattels or merchandise   *   * and a license to offer for sale, issued by said Clerk of Court of Common Pleas, or by the Clerk of the Circuit Court for any county, shall be good and sufficient as a license to offer for sale in every part of the State, provided, that such license shall not authorize the holder thereof to open or carry on any store or fixed place of business for such selling or offering for sale in any other city or county than the city or county in which such license shall be issued   *   *."

The 35th sec. prescribes *who* shall take out a license to barter and sell, or to offer for sale, and the 36th sec. prescribes *where* the license shall be taken out and *where* it shall be

operative. The person seeking a license is required to make application to the Clerk of the Circuit Court for the county *in which* such license was issued. The design of this legislation is obvious. It was intended to prevent bartering and selling in the ordinary way in any store or fixed place outside of the limits of the city or county in which a license was issued, whilst leaving the trader at liberty to solicit or to offer for sale anywhere within the State. It restricts the carrying on of business in a fixed place to the locality covered by the license, but does not prohibit selling by sample when deliveries are subsequently made. When stock in trade owned by a licensed trader is taken from his store and is carried about in a wagon or on a car beyond the limits covered by his license and sold and delivered therefrom, this is selling in a fixed place of business, not, it is true, in the sense that the wagon or car is stationary like a house, but in the broader sense employed in the statute, that the wagon or car is a regular established place where bartering and selling of goods, wares and merchandise therein contained are conducted precisely in the same way as though the wagon or car were a store. The proviso would have little or no significance if despite its terms such bartering and selling as the appellant is admitted to have engaged in from his wagon in Baltimore County where he had no license, were legitimate.

We find no error in the judgment of conviction.

*Judgment affirmed with costs above*
*and below.*

(Decided November 19th, 1896).