## CHARLES BASTA

*vs.*

## STATE OF MARYLAND.

*Procuring women for prostitution: receiving money from earnings of prostitutes; felonies.   Criminal law: arraignment not necessary in misdemeanors; indictments on information of State's Attorney; Baltimore County; felonies excluded; trial on defective information; not "in jeopardy."*

Procuring and placing women in a house of prostitution for the purpose of causing them to cohabit with male persons is a felony.                                                p. 570

Knowingly to receive money or other thing of value, without good consideration therefor, from the earnings of women engaged in prostitution is a felony. ·                          p. 570

Under Chapter 77 of the Acts of 1892, felonies were excluded from the offenses which, in Baltimore County, may be presented on an information filed by the State's Attorney in such county.
                                                          p. 570

A traverser charged with a misdemeanor need not be arraigned, but a plea should be entered, or it should appear by the record that the right was waived.                          p. 572

In capital or other infamous crimes, an arraignment is necessary, and is not a mere matter of form, but is of substance.
                                                          p. 572

When a traverser is tried on an information that is invalid, he is not in jeopardy, and he may be indicted by the grand jury and tried again.                                      p. 572

*Decided January 15th, 1919.*

Appeal from the Circuit Court for Baltimore County. (McLANE, J.)

The second count of a criminal information by the State's Attorney of Baltimore County charged the traverser with pro-

curing and placing a woman in a house of prostitution for the purpose of causing her to cohabit with certain male persons.

The third count charged the traverser with receiving money, without good consideration, from the earnings of a woman engaged in prostitution.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

Submitted on briefs by *William H. Lawrence* and *Pasco Schiavo,* for the appellant.

Submitted on briefs by *Albert C. Ritchie, the Attorney-General; Ogle Marbury, Assistant Attorney-General,* and *Philip B. Perlman, Assistant Attorney-General,* for the State, who consented to a reversal on its behalf.

BRISCOE, J., delivered the opinion of the Court.

It appears from the Record in this case, that the traverser was tried and convicted in the Circuit Court for Baltimore County, upon a criminal information filed by the State's Attorney of that county, under the power vested in him by Chapter 77 of the Acts of 1892.

The criminal information contains four counts. The first and fourth counts charge misdemeanors; the second and third counts charge felonies.

The defendant, at the trial, demurred to the whole information and to each count thereof. The demurrer was overruled, and thereupon, a plea of not guilty was interposed and upon trial before a jury a verdict of guilty was rendered against him. A motion in arrest of judgment was overruled, and he was then sentenced to the Maryland Penitentiary for the period of ten years. From this judgment he has appealed.

The case has been submitted to us for determination, upon briefs filed on the part of the State and the traverser, without oral argument, and with consent on the part of the State,

for a reversal of the judgment and a remand of the case for a new trial, for errors apparent upon the face of the Record.

The objections to the validity of the information and the judgment of conviction in this case, are very manifest, and the reasons upon which they are based, need only be briefly stated.

By Chapter 77 of the Acts of 1892, it is provided, that all the offenses committed within the limits of Baltimore County, except treason, misprison of treason, arson, burglary, larceny, manslaughter, mayhem, murder, rape, robbery, sodomy and all other felonies, may be prosecuted upon order of the Circuit Court for Baltimore County, on information on behalf of the State, filed by the State's Attorney in said county.

This statute, it will be seen, expressly excepts from its operation certain enumerated offenses, and all other felonies.

The offense charged in the second and in the third counts of the information in the case at bar is a felony, under the statutes creating them, and they were not properly included in the information filed by the State's Attorney. The demurrer to these counts should have been sustained and the traverser put upon trial, on the first and fourth counts, each of which charged a misdemeanor. Acts of 1892, Chapter 77 (*supra*; Article 27, secs. 381 and 383, 3rd Vol. of Code; Acts of 1910, Chapter 25.

While the first and fourth counts of the information charging a misdemeanor in each were good counts, a general verdict of guilty was found against the traverser, and no means exist of determining upon which count it was rendered or whether it was rendered upon all the counts, including the two bad and defective counts. The traverser in this case demurred to the whole information and to each count thereof, and as was said by this Court in *Avirett* v. *State,* 76 Md. 510, "it necessarily follows that if the verdict cannot be sustained upon each count it must be set aside." It was further said, in that case, "if all the counts but one were bad, and

each was demurred to, the traverser was as a matter of strict legal right, entitled by the judgment of the Court to have the vicious counts eliminated before being compelled to plead not guilty. Forcing him, despite his demurrer, into a trial upon counts which were bad, and each one of which he had assailed, was a prejudicial error, that no general verdict could cure, notwithstanding there was one good count in the indictment. It is the absolute legal right of the accused not to be tried upon defective counts, the sufficiency of which he has separately challenged by demurrers; and it is no answer, after his demurrers have been wrongly overruled and a general verdict of guilty on all the counts has been rendered, to say that he has not been injured by the erroneous judgment entered against him, because there is one good count in the indictment."

In the present case the second and third counts of the information charging a felony in each count, were clearly not authorized, but expressly excepted, from Chapter 77 of the Acts of 1892, and not being valid at common law, the demurrers to these counts should have been sustained. *Offutt Code,* 1916 Ed. 606, 611; *4th Bl. Comm.* 310; 1 *Chitty Crim. Law,* 165.

It is also objected as a ground for reversal, that the Record as presented does not show that the traverser was arraigned upon the criminal information, in the Court below, although two of the counts charge felonies, under the statute, and this failure to arraign, is urged in a motion in arrest of judgment, which was overruled in the Court below, as a fatal error.

It appears among the docket entries, set out in the Record, that the following proceedings were had, in the Court below: July 1, 1918. Demurrer to Criminal Information. Demurrer overruled. Plea *non cul,* issue joined. Jury sworn. Verdict guilty. July 2, 1918. Motion in arrest of judgment. July 3, 1918. Motion overruled. Defendant excepts to overruling motion in arrest of judgment. Judgment and sentence, that

Charles Basta be confined in the Penitentiary House of the State of Maryland, for ten years. Same day.

Under the decisions of this Court, it is not necessary that a party charged with a misdemeanor, in this State, should be arraigned, but it is required, that a plea should be entered, or that the record should show he waived it. *Salfner* v. *State,* 84 Md. 301; *Dutton* v. *State,* 123 Md. 380.

In capital or other infamous crimes an arraignment is regarded as a necessary part of the proceedings, and not a matter of form only but of substance, involving the substantial right of the accused. *Givans* v. *State,* 76 Md. 485; *Crain* v. *U. S.,* 162 U. S. 625; *Johnson* v. *U. S.,* 225 U. S. 405; 1 *Chitty Crim. Law,* 419; 1 *Bishop Crim. Proc.* 733.

As we will reverse the judgment in this case, for other reasons, and remand the case to the Court below, it will not be necessary to discuss this point further.

For the errors we have indicated, we hold the second and third counts of the information to be bad and defective, and the demurrer to them ought to have been sustained. This being so, the general verdict of guilty and the judgment thereon were erroneous and this judgment will be reversed and the cause remanded. This reversal, however, does not prevent a new trial upon the valid counts in the information, or upon a new information. Nor would it prevent an indictment by a Grand Jury, for the felonies improperly included in the second and third counts of the information. The traverser was not tried on a valid information and was not therefore put in jeopardy. *Stearns* v. *State,* 81 Md. 346; *State* v. *Williams,* 5 Md. 82; *Hoffman* v. *State,* 20 Md. 425.

*Judgment reversed and cause remanded,
with costs.*