GOODMAN *v.* WARDEN OF MARYLAND
PENITENTIARY

[H. C. No. 24, October Term, 1947.]

*Decided February 18, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON,
HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from refusal
of a writ of habeas corpus.

The petitioner was convicted of murder in the first degree, without capital punishment, in the Criminal Court of Baltimore City. He was tried by the court, without a jury.

In his petition for the writ, and in his brief filed in this court, his chief complaint is that the lawyer the court appointed to defend him would not permit him to be tried before a jury; would not ask questions on direct and cross examination, which he requested him to ask; and that some of his witnesses did not appear at the trial. There is an extended analysis of the testimony of certain witnesses, with a view of showing that their evidence, together with other evidence adduced by the State, was insufficient to convict. He also complains in his petition, and in his brief, of treatment by the detectives who interviewed him before his indictment, and that he was not lined up with other men in order to determine whether certain people could identify him, and that the detectives tried to get a confession from him, which they were unable to do.

What the detectives did is irrelevant, especially as no confession by the petitioner was made. If the petitioner desired to be tried before a jury, or wanted to ask certain questions, or wanted certain witnesses, who were not present, to testify for him, he should have made these matters known to the trial court. There is no allegation in the petition that he did complain, and it is too late now. The writ of habeas corpus cannot be used as an appeal or for the purpose of reviewing the evidence given in a criminal case. This court has appellate jurisdiction only, and cannot hear evidence in a criminal case, as the petitioner prays us to do. There was no allegation in the petition of facts showing collusion or bad faith on the part of his counsel or any violation of fundamental rights. See cases below.[1]

*Application denied, without costs.*

[1] *Blundon v. Warden of Maryland House of Correction,* 190 Md. 740, 60 A. 2d 524; *Walker v. Warden of Maryland Penitentiary,* 190 Md. 729, 60 A. 2d 523; *Olewiler v. Brady, Warden,* 185 Md. 341, 44 A. 2d 807.