## TABOR *v.* SWENSON, WARDEN OF MARYLAND PENTENTIARY

[H. C. No. 35, October Term, 1948.]

Decided May 10, 1949.

Before MARBURY, C. J. and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from the refusal of a writ of habeas corpus.

The petitioner alleges that he was arrested without a warrant and was illegally searched and his personal property unlawfully seized and subsequently introduced in evidence against him. Even if he was illegally arrested and held, he cannot for that reason escape punishment when lawfully indicted, tried and convicted. *Davis v. Brady,* 188 Md. 113, 51 A. 2d 827; *Wright v. Swenson, Warden,* 191 Md. 762, 62 A. 2d 573. Even if the articles obtained from him without a search warrant were offered in evidence against him, that question cannot be retried on habeas corpus. *Wright v. Swenson, Warden, supra.*

He further alleges that he was unlawfully deprived of witnesses who would have testified in his behalf. He does not allege that summonses were issued for these witnesses or that he made his desire for witnesses known to the trial court. *Goodman v. Warden of Maryland Penitentiary,* 190 Md. 746, 60 A. 2d 527. He further alleges that he was deprived of any communication with an attorney until the day of his trial and on that day the attorney, whom he employed, was under the influence of strong intoxicants and therefore unable to properly represent him. He does not allege that he expressed any dissatisfaction with the services of his lawyer at the time of trial. *Goodman v. Warden of Maryland*

*Penitentiary, supra; Washington v. Warden, Maryland House of Correction,* 191 Md. 760, 61 A. 2d 561. As to his contention that false testimony was offered against him, the question of guilt or innocence and credibility and weight of the evidence cannot be tried on habeas corpus. *Rountree v. Wright,* 189 Md. 292, 55 A. 2d 847, and cases there cited.

*Application denied, without costs*