## COLIE *v.* STATE
[No. 21, October Term, 1949.]

*Decided November 11, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Joseph C. Cissel* and *Edward L. Foster* for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *Walter W. Dawson, State's Attorney for Montgomery County,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Wyndol O. Colie from a judgment entered upon a verdict of "guilty" by a jury, under a warrant charging him with accepting bets and making a book on a running race of horses in Montgomery County. Code 1939, Article 27, Section 291.

During the trial of the case, Officer Robert A. Popcke testified, over objection, that the accused on the 2nd day of November, 1948, in conversation with him, gave him the telephone number of a booking establishment where he could place "call-in bets." He testified that this number, Michigan 6475, was written by the defendant on an envelope and handed to him. This envelope was admitted in evidence over objection. The appellant claims

that this testimony of the police officer and the envelope should not have been admitted. This conversation took place only a day before the offense charged. This testimony was later followed up by evidence that Officer Popcke on November 2nd, 1948, called the telephone number given him by the accused and, after using Colie's name as a reference, placed a bet on a horse. On November 3rd, the officer paid to the defendant, at his request, five dollars for the bet he had lost the previous day. On November 5th, 1948, the appellant paid the officer the sum of $6.40 for winning a bet he had placed two days before at Michigan 6475. The evidence, objected to, was a part of a chain of testimony which proved the charge and it was relevant to the offense charged in the warrant. The telephone number was part of the general scheme of placing "call-in bets." *Hitzelberger v. State,* 174 Md. 152, 161, 197 A. 605. Even if error were committed in permitting the introduction of this evidence, which we do not find, the accused was not prejudiced by the Court's ruling because when the accused took the stand in his own defense he was asked, by his own counsel, about his conversation with Officer Popcke and he admitted it, saying that he gave the telephone number to Officer Popcke and collected the loss of $5.00 and delivered the winnings of $6.40 as favors to the officer and to the bookmaker. He admitted in his own testimony the statements of the officer, to which he formerly objected. This Court has often ruled that when inadmissible evidence is admitted over objection, if the same evidence is later admitted without objection, the error is harmless. *Damm v. State,* 128 Md. 665, 669, 97 A. 645; *Smith v. State,* 182 Md. 176, 184, 32 A. 2d 863; *Purviance v. State,* 185 Md. 189, 200, 44 A. 2d 474; *Courtney v. State,* 187 Md. 1, 17, 48 A. 2d 430; *Barber v. State,* 191 Md. 555, 563-564, 62 A. 2d 616, 620.

During the trial Officer Popcke was asked what he meant by a "call-in bet," and no objection was made to that question, and the officer explained the meaning of a "call-in bet." The only objection was later to the officer

giving an example of a "call-in bet." This example was not given. As no objection was made, the question is not properly before this Court. Without objection and without an opportunity for the trial court to pass upon the question, there is nothing for this Court to review. *Courtney v. State*, 187 Md. 1, 4, 5, 48 A. 2d 430; *Davis v. State*, 189 Md. 269, 273, 55 A. 2d 702, 704. The appellant claims that the officer should have first been qualified as an expert, and a proper foundation should have been laid to show that he had previous knowledge of the operation of such a system for receiving call-in bets. If this point were properly before us, which we do not find, we see no error. Police officers working on gambling cases must of necessity have knowledge of the manner in which race horse gambling is conducted. It is hard to conceive that any police officer would not be able to explain what was meant by a "call-in bet." See *Allen v. State*, 178 Md. 269, 276, 13 A. 2d 352; *Bratburd v. State*, 193 Md. 352, 356, 66 A. 2d 792, 794.

During the trial of the case two police officers testified that a telephone call was made to telephone number, Michigan 6475, which number was given Officer Popcke by the accused, and that an unidentified person answered that telephone and took the bets. The appellant contends that because this call was made out of the presence of the accused, and because there was no identification of the person at the other end of the telephone line, this evidence was not admissible. This telephone conversation was not offered in evidence against the person at the other end of the line as the conversation of that person. In such a case, of course, it would have been necessary to identify that person. *Rowan v. State*, 175 Md. 547, 558, 3 A. 2d 753. Here the evidence was offered to show that the telephone, the number of which was given by the accused, was located at a place where bets were taken over that telephone. The purpose of this evidence was to show that the police placed a bet on horse races with a person who answered the telephone number Michigan 6475, and that was where the accused

told the officer that bets could be placed. *Baum v. State,* 163 Md. 153, 160, 161 A. 244; *Courtney v. State,* 187 Md. 1, 6, 48 A. 2d 430.

The appellant claims that two of the officers testified that the accused admitted taking a numbers bet from Officer Popcke four or five weeks prior to the offense charged here. He contends that this was prejudicial to the accused and there was no connection between the bookmaking and the numbers bet. However, this evidence was a part of a general statement made by the officers about admissions by the appellant of various transactions including the specific one with which he was charged. A motion was made to strike out the whole statement. This motion was entirely too broad and was properly refused.

Officer Whayland testified that at the time they served the warrant they found in the hip pocket of the accused a billfold with seven one-hundred dollar bills, a driver's license, and other papers. The appellant contends that this testimony should not have been admitted because it prejudiced the jury against the accused. This evidence was properly admitted as one of the links in the chain of circumstances of the case to prove the accused was making a book on horse races. *Berger v. State,* 179 Md. 410, 413, 414, 20 A. 2d 146; *Wilson v. State,* 181 Md. 1, 3, 4, 26 A. 2d 770; *Jones v. State,* 182 Md. 653, 657, 35 A. 2d 916. Money is one of the stocks in trade of gambling. *Bratburd v. State, supra,* 66 A. 2d at page 794. Even if this testimony were inadmissable, which we do not find, like the first point discussed in this opinion the accused was not prejudiced by the Court's ruling because he testified under direct examination, by his own counsel, that seven hundred dollars were found on his person. He said he received this from the sale of a car. *Damm v. State, supra; Smith v. State, supra; Purviance v. State, supra; Courtney v. State, supra; Barber v. State, supra; Baum v. State, supra.* The judgment will be affirmed.

*Judgment affirmed with costs.*