## OBENSTINE *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. 33, October Term, 1950.]

*Decided May 16, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus.*

Petitioner was tried in the Circuit Court for Baltimore County in April, 1948, on an information containing two counts, each of which charged false pretenses. Code 1939, art. 27, sec. 150; Code Supp. 1947, art. 27, sec. 152. He was found guilty and was sentenced to the Maryland House of Correction for the term of five years.

Petitioner alleges that the trial Court lacked jurisdiction because the prosecution was based upon a criminal information instead of indictment. The Baltimore County Code, title 26, sec. 391, authorizes the prosecution of misdemeanors upon the order of the Court on information filed by the State's Attorney. As the charges against petitioner were misdemeanors, the Court had jurisdiction on criminal information.

Petitioner alleges that he was deprived of the right of appeal to the Court of Appeals due to the fact that his attorney failed to follow his instructions. There is no allegation that he made any such complaint to the trial Court, or that he expressed any dissatisfaction with

the services of his lawyer. *Edmondson v. Wright,* 193 Md. 710, 66 A. 2d 386.

Petitioner alleges that he was denied the right to have witnesses present at his trial. He does not allege that summonses were issued for such witnesses or that he made known his desire for such witnesses to the trial Court. *Tabor v. Swenson,* 193 Md. 706, 66 A. 2d 205.

Petitioner alleges that he waived extradition from the State of Pennsylvania as the result of trickery and fraud. This allegation cannot serve as the basis for the issuance of a writ of *habeas corpus.*

Petitioner alleges that there was collusion between his attorney and the State's Attorney. He does not allege that he expressed any dissatisfaction with the services of his lawyer at the time of the trial. *Goodman v. Warden of Maryland Penitentiary,* 190 Md. 746, 60 A. 2d 527; *Tabor v. Swenson,* 193 Md. 706, 66 A. 2d 205; State ex rel. *Clark v. Swenson,* 193 Md. 723, 68 A. 2d 676.

Petitioner alleges that there was not sufficient probable cause for the filing of the criminal information. Even if this be true, it has nothing to do with the question of the legality of the trial and conviction.

Petitioner alleges that the State commenced the prosecution before the due date of a promissory note which he had given for money loaned. As this is a question of evidence, it cannot be tried on *habeas corpus.*

Petitioner alleges that he was not arraigned. As the two offenses with which petitioner was charged were misdemeanors, arraignment was unnecessary. *Basta v. State,* 133 Md. 568, 105 A. 773.

*Application denied, with costs.*