# GOUKER *v.* STATE

[No. 190, September Term, 1960.]

*Decided March 20, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*John C. Gianakos,* with whom were *John Moyer* and *Joseph Rosenthal* on the brief, for the appellant.

*Lawrence F. Rodowsky, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Frank H.*

*Newell, III, State's Attorney for Baltimore County,* and *Paul J. Feeley, Assistant State's Attorney,* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

Ronald E. Gouker (defendant or appellant), a former police officer of Baltimore County, charged in an indictment with a conspiracy to commit armed robbery, was convicted thereof by the court sitting without a jury and has appealed from the judgment entered on the verdict. The robbery was actually committed by two brothers—Albert and Alton Moyer—who were indicted for armed robbery and were convicted thereof. The brothers were also named in the conspiracy indictment but were not charged therein as co-conspirators.

In addition to claiming (i) that Maryland Rule 723 was violated in that he was not arraigned pursuant to the terms of the rule,[1] the appellant further contends that the trial court erred (ii) in reading a statement given by Albert Moyer to the police; (iii) in allowing the State to impeach a state witness without having laid a proper foundation; and (iv) in permitting Albert Moyer to invoke the attorney-client privilege.

Since the sufficiency of the evidence is not disputed, a brief statement of the facts will suffice. There was evidence indicating that the defendant had told Albert to go with Alton and rob a tavern and had furnished a revolver to be used in carrying out the plan. There was also testimony that after the hold-up had been perpetrated, both brothers went to the home of the appellant, returned the revolver to him and at the suggestion of the appellant spent the remainder of the night in the basement of the appellant's house. There was

---

1. Section a of the rule provides in pertinent part that "[a]rraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead." Section c provides that "[t]he record shall affirmatively show compliance with this Rule."

also ample corroboration of the testimony of Albert Moyer as to the role the appellant had played in the robbery.

## (i)

Relying on *Hill v. State,* 218 Md. 120, 145 A. 2d 445 (1958)—where it was held that a defendant appearing in court without counsel must be advised of his right to obtain counsel under § b (of Rule 723) and that the record should disclose compliance therewith pursuant to the mandate of § c—the appellant contends that since the record in this case does not affirmatively show that he was arraigned or informed of the conspiracy charge as is required by § a, his conviction must be reversed. In effect, the claim is that because the requirements of Rule 723 are obligatory the rule is violated whenever compliance with a provision thereof is not affirmatively shown in the record and that an objection below was not required in order to present the question on appeal.

In the *Hill* case, *supra,* where we were confronted with a question that involved not only a procedural requirement but also the fundamental legal right of a defendant to be advised of his right to obtain counsel, we explicitly stated that the privilege of being so advised was both "clear and obligatory" and added that "there was neither exact nor substantial compliance" with the terms of Rule 723 b (requiring that a defendant be advised of the right) or "with the terms of Rule 723 c" (requiring that the record affirmatively show compliance), but that does not mean that the conviction in the present case must be reversed simply because the record does not show positively that the appellant *actually* had been formally arraigned or informed of the substance of the charge.

In the first place, it appears there was that "substantial compliance" with the rule that was not present in the *Hill* case, *supra.* The docket entries—in addition to showing that an indictment was filed, that a recognizance was taken, that a copy of the indictment was sent with the bench warrant, that the warrant was returned "cepi" and that bail was taken —reveal that the appellant submitted "under a plea of not guilty." While it is true that neither the docket entries nor

the record of proceedings show that the defendant was actually arraigned or informed of the charge, the record does show that he was called upon to plead and that in response to the call he entered a plea of "not guilty" and asked for "a court trial," without any objection that he had not been arraigned or informed pursuant to the procedural requirements of the rule. Other than this the appellant was a trained and experienced police officer and was represented by able counsel of his own selection. Taking all of these facts and circumstances into account, we think there is enough in the record to show, or at least warrant the inference, that there was substantial compliance with the obvious purpose if not the exact letter of the rule.

In addition, we think the appellant effectively waived the right he had to demand that the trial court either formally arraign him or at least inform him of the substance of the offense with which he was charged when he entered a plea and went to trial without so much as suggesting to the court that it had not complied with the rule. The defendant, however, further contends that since Rule 723 a and c changed the former rule of this Court—laid down in *Salfner v. State,* 84 Md. 299, 35 Atl. 885 (1896), and subsequently followed or stated in *Dutton v. State,* 123 Md. 373, 91 Atl. 417 (1914), and other cases [2] to the effect that arraignment was not necessary when the crime charged was a misdemeanor *provided* a plea to the charge had been entered or waived—the new rule is obligatory and requires full compliance with both of the sections (a and c of Rule 723) pertinent here. As to this claim, we observe that even though Rule 2 a provides that the Maryland Rules are to be interpreted as declaratory of the practice and procedure as it existed prior to their adoption, it appears that the provisions of Rule 723 a concerning arraignment are inconsistent with the former rule of law to the extent that either one or the other of the present arraign-

2. Other cases include *Basta v. State,* 133 Md. 568, 105 Atl. 773 (1919), *State ex rel. Copeland v. Warden,* 194 Md. 717, 70 A. 2d 813 (1950), *Obenstine v. Warden,* 198 Md. 648, 80 A. 2d 610 (1951), and *Jordan v. State, infra.*

ment procedures prescribed by the rule ought to be practiced in *all* criminal cases. But, as we see it, there is nothing in the new rule indicating that such procedural requirements may not be waived by the entry of a plea to the charge as was done in this case when the defendant voluntarily entered a plea of not guilty and proceeded to trial without objection. *Martel v. State,* 221 Md. 294, 157 A. 2d 437 (1960) ; *Jordan v. State,* 221 Md. 134, 156 A. 2d 453 (1959).

Moreover, in a case such as this, where it is apparent that the defendant knew the nature of the charge against him and had a full and fair opportunity to defend himself, and where it is not shown that the defendant was in any way prejudiced by the omission of the formality of informing him of the charge, we see no reason why the defendant should not be held to have waived the privilege of being arraigned, and we so hold.

### (ii) and (iii)

Inasmuch as no objection was interposed to the action of the trial court in reading the extrajudicial statement of a co-conspirator and in allowing impeachment of a state witness absent a proper foundation, the questions as to these claimed errors are not properly before us and we decline to consider them. Rule 885; *Jackson v. State,* 223 Md. 105, 163 A. 2d 120 (1960) ; *Woodell v. State,* 223 Md. 89, 162 A. 2d 468 (1960) ; *Martel v. State, supra.*

### (iv)

The final question relating to the claimed error arising out of the invoking by a witness of his attorney-client privilege is likewise without substantial merit.

After Albert Moyer had testified on behalf of the State, the appellant sought to cross-examine him as to whether he had given his counsel the name of Esther Bova as a witness at his trial for the robbery. When the State objected, the trial court instructed the witness that he might, if he chose, invoke his privilege not to divulge communications between himself and his attorney, and the witness claimed the privilege. Later on in the conspiracy trial, when Esther Bova was

testifying, she admitted on cross-examination that the attorney for Albert Moyer had asked her to testify for his client in the robbery case. Under these circumstances, even if we assume that it was error to permit Albert Moyer to invoke the privilege, it is apparent that any prejudice temporarily suffered by the appellant was thereafter removed when Esther Bova supplied the evidence wanted. The ruling, even if erroneous, would not present a reversible error in this case because it is clear that the identical fact, sought to be proved by one witness, was subsequently proved without objection by another witness. Cf. *Damm v. State,* 128 Md. 665, 97 Atl. 645 (1916); *Colie v. State,* 193 Md. 608, 69 A. 2d 497 (1949); *Bryant v. State,* 207 Md. 565, 115 A. 2d 502 (1955). And see *Peddersen v. State,* 223 Md. 329, 164 A. 2d 539 (1960).

The judgment will be affirmed.

*Judgment affirmed; appellant to pay costs.*