## AYALA *v.* STATE

[No. 14, September Term, 1961.]

*Decided October 13, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Walter R. Tabler* for the appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney* and *Charles E. Moylan, Jr., Assistant State's Attorney for Baltimore City,* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

Appellant, Bernardo V. Ayala, was arrested on November 11, 1960 and subsequently charged with assault to commit

murder and with assault and battery upon Carole Viera, a woman to whom he was not married but who had ,been living with him for about a year. The arrest arose from an incident which occurred on October 21, 1960, the details of which it is unnecessary to set out since the sufficiency of the evidence has not been questioned.

On the date set for Ayala's arraignment, December 13, 1960, appearance was made by counsel of his own selection. Ayala, who had posted bail, was not present in court and his counsel stated he was not prepared for the arraignment. However, the record shows that appellant's counsel did receive a copy of the indictment on the same day and the arraignment was tentatively set for the following day. No further mention of arraignment or other proceedings appears on the record until December 20, 1960, the day of appellant's trial, when a docket entry records that appellant was arraigned and entered a plea of not guilty. However, the transcript of proceedings on that date reveals no formal arraignment, but prior to the actual trial of the case the following colloquy between the clerk of court and defense counsel appears on the record:

"(The Clerk) Bernardo V. Ayala. Mr. Stern. Mr. Stern, are you familiar with this indictment?
(Mr. Stern) Yes, I am.
(The Clerk) What is the plea?
(Mr. Stern) The plea is not guilty, court trial.
(The Clerk) Not guilty, court trial in No. 4501."

Ayala was thereupon tried by the court sitting without a jury and was found guilty of assault and battery under the second count of the indictment and sentenced to confinement in the House of Correction for a period of three years.

In appealing the judgment and sentence the appellant, through court-appointed counsel other than his trial counsel, makes the following contentions:

"1. The right of arraignment involves the substantive rights of the Appellant and is guaranteed by Maryland Procedure Rule 723 (c) to all defendants charged with criminal offenses.

"2. The record does not show affirmatively that Appellant was arraigned, nor does there appear to have been substantial compliance with the requirements of Rule 723 (a).

"3. The failure to arraign the Appellant so prejudiced him that his conviction should be reversed."

We agree that the right of arraignment involves a substantial right of the appellant, *Basta v. State,* 133 Md. 568, 105 Atl. 773 (1919), and that under Maryland Rule 723 a and c,[1] "one or the other of the present arraignment procedures prescribed by the rule ought to be practiced in *all* criminal cases," *Gouker v. State,* 224 Md. 524, 528-9, 168 A. 2d 521 (1961), whether the offense charged be a felony or a misdemeanor.

The essential inquiry therefore narrows itself to the second point raised by appellant, i.e., that the record fails to show affirmatively that a formal arraignment ever took place, or, in the alternative, a substantial compliance with the requirement for an arraignment under Rule 723 a.

While Rule 723 c requires that the record shall affirmatively show compliance with the requirement for an arraignment, it has been established that this Court will not resort to fine technicalities and reverse a conviction "simply because the record does not show positively that the appellant *actually* had been formally arraigned or informed of the substance of the charge." *Gouker v. State, supra,* at p. 527. The authori-

---

1. Rule 723, Arraignment, a and c read as follows:

"a. *How Made.*

Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. In every indictment or information for the alleged commission of a criminal offense in this State, the accused shall be furnished a copy thereof as soon as practicable after the same shall have been prepared and in any event before he is called upon to plead, and at the expense of the prosecuting authority.

\* \* \*

"c. *Record to Show Compliance.*

The record shall affirmatively show compliance with this Rule."

ties are in general agreement that the formalities once observed upon arraignment are no longer required. It is sufficient if it appears that what has been done amounts in substance to an arraignment. 4 Wharton, *Criminal Law and Procedure*, § 1805; 14 Am. Jur., *Criminal Law*, § 252; 22 C.J.S., *Criminal Law*, § 411(1).

We conclude that the record in the case before us shows substantial compliance with Rule 723. The docket entries reveal that an indictment was filed, that a recognizance was taken, and that one week before the date of trial a copy of the indictment was served upon appellant's counsel and receipted for by him. Before trial, appellant's counsel, in appellant's presence, answered affirmatively the query of the clerk of court as to whether he was familiar with the indictment, and then entered a plea of not guilty and requested a court trial. This is in essence what takes place at a formal arraignment. Appellant, who was 33 years old when tried, was represented by counsel of his own choice and it is inconceivable that by the time of trial he would be unaware of the crime he was being charged with. In our view, therefore, the above set of circumstances clearly achieved substantial compliance with the requirement for arraignment. In addition, as in the *Gouker* case, *supra,* we feel that when appellant entered a plea through his counsel and went to trial without objecting to an alleged lack of arraignment, he effectively waived this objection. See also *Martel v. State,* 221 Md. 294, 157 A. 2d 437 (1960); *Jordan v. State,* 221 Md. 134, 156 A. 2d 453 (1959); 4 Wharton, *Criminal Law and Procedure,* § 1803; 14 Am. Jur., *Criminal Law,* § 256.

Appellant seeks to buttress his allegation of unfamiliarity with the charge against him, and to excuse his lack of objection on this ground, by pointing out that he is a stranger to the courts and has difficulty in understanding the English language. It is noted that, in direct and cross examination, the appellant testified at length as to his background and his version of the occurrence leading to his arrest, and that his answers were nearly always responsive and showed an understanding of the charges upon which he was being tried. In addition, his counsel in cross examining the State's witnesses

asked certain questions which from their nature could only have been prompted by the appellant. Moreover, there is no indication that appellant himself complained to his counsel or the trial court of his lack of awareness of the nature of the accusation.

As mentioned, appellant was represented below by counsel, and the presumption, and one that can fairly be made in this case, is that an attorney will conduct himself as the law and his duty require him to do. Cf. *Woodell v. State,* 223 Md. 89, 162 A. 2d 468 (1960). There is no affirmative showing that trial counsel failed to conduct an adequate defense or that he failed to make known to his client the charges against him, being aware certainly of appellant's language difficulties.

Our finding of substantial compliance with the requirement for arraignment makes it unnecessary to consider appellant's third contention of prejudice resulting from lack of arraignment.

Before argument of this appeal, the appellant himself forwarded to the Chief Judge of this Court a letter which in effect was a petition for a new trial. We, of course, are unable to entertain such a petition, or motion, which, if desired, should have been addressed to the trial court within the time prescribed by Rule 567 a.

Having found no error below, we must affirm.

*Judgment affirmed.*