## BERNDT *v.* STATE

[No. 416, September Term, 1963.]

566

*Decided July 9, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Richard C. Murray* for appellant.

*Robert L. Karwacki, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Frank H. Newell, III* and *William P. Bolton, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was indicted for three separate offenses of forgery, pleaded guilty to the first count in each indictment, and was sentenced to ten years in each, to run concurrently. On this appeal the chief contention is that he was not adequately arraigned.

The record shows that the appellant was brought before Judge Menchine for arraignment on August 15, 1963. The record shows that he had been served with copies of the indictments

that same day at the time of his arrest. The court explained the charges and inquired if he had counsel. He replied that he had no funds, but that he had "talked to Mr. Sphritz." The court indicated that he would appoint Mr. Sphritz as his attorney as requested, and deferred arraignment. Upon petition of the State's Attorney, Judge Menchine signed an order on August 16, 1963, transferring the accused to Spring Grove State Hospital for mental examination as to his mental competence to testify.

The case came on for hearing on November 1, 1963, before Judge Turnbull. The court was erroneously informed by Mr. Sphritz that the defendant had been previously arraigned, and desired to change his pleas from not guilty to guilty. The court then interrogated the appellant, outlined the charges against him, and inquired if he had "discussed this" with his attorney. He replied in the affirmative. The appellant also stated that he understood the pleas, that he recognized the fact that he could be punished, and that no threats, promises or inducements had been made "in order to make this plea."

After argument of counsel on both sides in regard to sentence, the court asked the appellant if he had anything to say, and remarked: "you have been through this often enough, so don't * * * put on an act." The appellant replied that he was "not proud" of his life. The court then commented that he had been "in state institutions * * * in military institutions [and] in Federal institutions." The court then imposed sentence and referred him to Patuxent Institution for evaluation.

We think it is clear that the plea of guilty was voluntarily made, and that there was at least substantial compliance with Maryland Rule 719. *Ayala v. State,* 226 Md. 488, 491; *Gouker v. State,* 224 Md. 524, 527; *Schuette v. State,* 228 Md. 340, 341. The case of *Taylor v. State,* 230 Md. 1, is distinguishable on its facts. There the court failed to inform an accused of his right to counsel prior to the entry of a guilty plea. Cf. *Hoskins v. Warden,* 235 Md. 613. The appellant was thirty-eight years of age, of normal intelligence, and as the State's Attorney remarked "rather familiar with the law in these proceedings." In connection with sentence, a matter argued on both sides, an F.B.I. report was put in evidence as State's exhibit No. 1, and

the psychiatric report. of Dr. Prado as State's exhibit No. 2. In the latter report the appellant admitted that in the intervals between his incarceration in various state, military and Federal institutions, he had frequently resorted to forgery. Dr. Prado's report stated his opinion that the accused was competent to stand trial and to assist his counsel in his own defense. After imposing sentence, the court referred the appellant to Patuxent Institution for evaluation as a possible defective delinquent.

The appellant urges, on his own behalf and in addition to his contention as to failure to properly arraign, that he was denied due process because of illegal arrest, search and seizure, illegal confinement, inadequate representation by counsel, prejudice and malice on the part of Judge Turnbull. We find no merit in any of these contentions.

*Judgments affirmed.*