TATE *v.* STATE

[No. 360-B, September Term, 1964.]

*Decided June 28, 1965.*

Submitted to HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

Submitted on brief by *Gilbert A. Hoffman* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, R. Randolph Victor, Assistant Attorney General, Charles E. Moylan, Jr.* and *Lucy Ann Garvey, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* for appellee.

PER CURIAM.

The appellant Tate was indicted on a five-count indictment which included a count charging robbery. He plead guilty in open court to the robbery count and was sentenced to three years by Judge Shirley B. Jones. On this appeal he contends that his guilty plea was not knowingly and understandingly made and was improperly received and ineffective because of his youth and because he did not understand to what he was pleading guilty.

The record refutes the appellant's claims. Tate was sixteen years old and had completed the ninth grade in school. He had been working for several years at an advertising company. At the outset of the trial appellant's attorney asked him the following questions:

> "Q. Are you aware of the reason you are in this court today? A. Yes.
>
> Q. You understand that you have been *charged with robbery?* A. Yes.
>
> Q. Do you understand that the penalty if convicted of this crime is from three to ten years? A. Yes.
>
> Q. Now, Gregory, I have explained to you, haven't I, that you have a right to plead not guilty and take a court or jury trial? Do you understand that? A. Yes.
>
> Q. You informed me that you wanted to plead guilty? A. Yes.
>
> Q. You do? A. Yes.
>
> Q. You understand that by your plea of guilty this Court or the State's Attorney cannot make any promises to you? A. Yes.

Q. Do you understand that? A. Yes.

Q. This doesn't mean that you are going to get probation. You understand that? A. Yes.

Q. It is up to Her Honor to determine what disposition will be made of your case. A. Yes.

Q. Has anybody coerced you or made any promises to you to enter into this plea? A. No, sir." (emphasis supplied)

Later Tate's lawyer asked him on the stand:

"Q. Have you been satisfied with the advice I have given you, Mr. Tate? A. Yes.

Q. Have I called the witnesses and interviewed the persons you wanted me to interview? A. Yes."

Tate's counsel thereafter said to him at the suggestion of the judge:

"Do you understand that actually you don't have to be sentenced today. If you think there is something wrong with your trial you can file a motion for a new trial and it can be heard by the Judges of the Supreme Bench. If you are sentenced now, then you have thirty days in which to appeal to the Court of Appeals. Do you understand that?"

and Tate replied "Yes."

It is clear that there is no substance to the appellant's contention that his plea was not voluntarily and intelligently made. *Gleaton v. State,* 235 Md. 271; *Berndt v. State,* 235 Md. 565.

*Judgment affirmed.*