## JAMES FRANCIS NICHOLS *v.* STATE OF MARYLAND

[No. 354, September Term, 1968.]

*Decided April 30, 1969.*

*Arthur M. Ahalt* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, State's Attorney for Prince George's County,* and *Joseph J. Bonner, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The appellant, James Francis Nichols, was convicted of assault with intent to rob in the Circuit Court for Prince George's County by a jury, Judge Roscoe H. Parker presiding. He was sentenced to three years under the jurisdiction of the Department of Correction.

The only question presented on this appeal is whether the trial judge erred in denying appellant's pre-trial motion for continuance. We hold that there was no error.

Immediately prior to trial the appellant's attorney moved for a continuance, assigning as the reason that he had been informed by appellant that there were two witnesses, one of whom was his employer and the other a co-employee, who were important in order to establish an alibi; that appellant had made arrangements to meet these witnesses at a certain place earlier in the morning and to bring them to court; that when appellant arrived at the meeting place the two witnesses were not there; and that consequently they were not in court to testify. Appellant's counsel stated that appellant had first told him of these witnesses about two weeks before trial; that he had requested appellant to supply him with the names and addresses of the two witnesses so summons could be issued; and that appellant never furnished him with the names.

The appellant's counsel then conferred with appellant at the counsel table. At the conclusion of the conference the court was informed, in part by appellant and in part by counsel, that appellant desired to have two additional witnesses present who would state that they had seen him check out of a tourist home at the approximate time the crime was committed.

The trial judge denied the motion for continuance.

It is settled, of course, that the grant or denial of a continuance is within the sound discretion of the trial court. *Walter v. State,* 4 Md. App. 373, 376 (1968). To show an abuse of discretion and prejudice for failure to continue a case because of the absence of a witness, the party requesting the continuance should show that the evidence of the absent witness was competent and material, that he believed the case could not be fairly tried without the evidence, that he had made diligent and proper efforts to secure the evidence, and that he had reasonable expectation of securing the evidence within some reasonable time. *Clark v. State,* 6 Md. App. 91, 100 (1969). We believe that the appellant did not meet these requirements, for he did not make a sufficient showing that he had made diligent and proper efforts to secure the presence of the absent witnesses. We note that he never told counsel the names of the witnesses and no attempt to summon the witnesses was made. See *Bright v. State,* 1 Md. App. 657, 661 (1967); *Bryant v. State,* 232 Md. 20 (1963). In addition, appellant made no sufficient showing that

he had any reasonable expectation of being able to secure the evidence within some reasonable time. In the circumstances here we are unable to say that the trial court abused its discretion, and thus find no reversible error in the action of the trial court.

*Judgment affirmed.*