# ROBERT A. BURLEY *v.* STATE OF MARYLAND

[No. 141, September Term, 1969.]

*Decided February 16, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James T. Smith* for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Charles E. Foos, III,* and *Clewell Howell, Jr., Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Robert A. Burley, was tried on October 31, 1968 in the Circuit Court for Baltimore County by a jury, Judge John N. Maguire presiding, on a seventeen count indictment, the first count of which alleged robbery with a dangerous and deadly weapon, and the other counts alleged allied offenses. The jury found appellant guilty on the first count, robbery with a dangerous and deadly

weapon of Jack Cheslock; the sixth count, grand larceny of money belonging to Jack Cheslock; and the tenth count, larceny of specific goods worth $100. or more, the property of Cheslock, Inc. After the denial of a motion for a new trial, appellant was sentenced to three concurrent fifteen year terms under the supervision of the Department of Correctional Services. Appellant presents four questions on appeal. They are:

1. Did the lower court err in overruling appellant's motion for a continuance in order to allow him to summons the receptionist from the office of Eugene H. Owens, M. D., who could present testimony on his behalf?
2. Did the lower court err in overruling appellant's objection and in admitting into evidence a gold Lucien Picard watch and gold ring with a jade stone?
3. Did the lower court err in allowing the State to attack the appellant's credibility by questioning him relative to prior convictions?
4. Were not the verdicts of the jury inconsistent in law and consequently inadequate to support a judgment?

I

We have held that the granting or denial of a continuance is within the sound discretion of the trial court. *Nichols v. State,* 6 Md. App. 644, 252 A. 2d 499. To show an abuse of discretion for failure to continue a case because of the absence of a witness, the party requesting the continuance should show that the evidence of the absent witness was competent and material, that he believed the case could not be fairly tried without the evidence, that he had reasonable expectation of securing the evidence within some reasonable time, and that he had made diligent efforts to secure the evidence. *Clark v. State,* 6 Md. App. 91, 250 A. 2d 317.

At trial, defense counsel entered into a stipulation with the State that Dr. Owens' records revealed that ap-

pellant had visited his office on the day of the crime. The doctor's records in no way indicated the time of appellant's visit and thus, standing alone, did not provide appellant with the alibi he sought. To bolster the alibi, appellant sought during trial to call Dr. Owens' receptionist for which he requested a continuance.

We believe that the appellant did not meet the requirements set forth above to compel a continuance. Appellant made no proffer of the testimony of the receptionist. There is nothing in the record to indicate that she would have been able to testify as to anything more than the authenticity of the doctor's records as stipulated. Defense counsel admitted doubt as to her ability to testify even as to the records, for it appeared the appellant did not sign the ledger in the doctor's office. Thus there was no showing that the testimony sought to be adduced was material. In addition, appellant failed to show that he had made diligent and proper efforts to secure the evidence prior to trial. The comment of defense counsel that "I had no idea he would want the receptionist here" provides an indication that appellant had not informed him prior to trial of his desires. We find that the trial judge did not abuse his discretion in refusing to grant a continuance.

## II

During its case in chief, the State introduced, over objection, a gold Lucien Picard watch and a gold ring with a jade stone as part of the proof of the *corpus delicti*. The defense objected on the ground that the two items offered were not included in the original indictment. The original indictment was filed against appellant on September 16, 1968, which incorporated by reference Baltimore County Police Report CC#681-985 listing items alleged to have been taken. The above mentioned two items were not on the list. An amended indictment was filed on October 28, 1968, which included the watch and the ring. A copy of the amended indictment was served on the appellant on October 31, 1968, as shown by the sheriff's return in the record before us. The case came

to trial on October 31, 1968, on which date appellant filed pleas of not guilty to each and every count of the indictment. Appellant maintains that he plead only to the original indictment and since he was not arraigned on the amended indictment the watch and the ring not mentioned in the original indictment were inadmissible at his trial. The trial court in overruling the objection held that by entering a plea of not guilty to each and every count of the amended indictment, the appellant waived further arraignment on the indictment as amended. Assuming, *arguendo,* that appellant was not in fact arraigned on the amended indictment, we still find no merit in his contention that the evidence produced at trial is rendered inadmissible. Maryland Rule 719 (a) states:

> "Arraignment shall be conducted in open court and shall consist of reading the indictment to the accused or stating to him the substance of the charge and calling on him to plead thereto. The accused shall be furnished a copy thereof as soon as practicable after it shall have been prepared and in any event within a reasonable time before he is called upon to plead, and at the expense of the prosecuting authority."

and Rule 719 (d) states:

> "The docket entries or transcript shall affirmatively show compliance with this Rule."

In *Wilkins v. State,* 5 Md. App. 8, 245 A. 2d 80, we stated:

> "We are unable to agree with appellant's contention that his conviction must be reversed for non-compliance with the rule. Substantial compliance with Rule 719 has been held sufficient. *Gouker v. State,* 224 Md. 524, 168 A. 2d 521; *Ayala v. State,* 226 Md. 488, 174 A. 2d 160.

In *Ayala v. State, supra,* at p. 491, the Court said: 'While Rule 723 c. (now Rule 719 d.) requires that the record shall affirmatively show compliance with the requirement for an arraignment, it has been established that this Court will not resort to fine technicalities and reverse a conviction 'simply because the record does not show positively that the appellant actually had been formally arraigned or informed of the substance of the charge. *Gouker v. State, supra,* at p. 527. The authorities are in general agreement that the formalities once observed upon arraignment are no longer required. It is sufficient if it appears that what has been done amounts in substance to an arraignment. 4 Wharton, *Criminal Law and Procedure,* § 1805; 14 Am. Jur., *Criminal Law,* § 252; 22 C.J.S., *Criminal Law,* § 411 (1)'."

\* \* \*

"The purpose of an arraignment is to acquaint the accused with the charge, advise him of his right to counsel, see that he is properly represented, and afford him time to plead. \* \* \*"

The essential inquiry therefore is whether or not there has been substantial compliance with Rule 719 (a). It is evident from the record that the appellant had knowledge of the nature of the charge against him, had a full opportunity to defend himself, and was advised of his right to, and was represented by, counsel. We believe that Rule 719 (a) was sufficiently complied with and appellant's second contention is therefore without merit.

### III

Appellant next contends that the practice of permitting the State to cross-examine the defendant as to prior convictions is so prejudicial to defendants as to require reversal in all cases where this practice has been followed. We find no merit to this contention. Appellant's

prior criminal record was relevant for the purpose of impeaching his testimony. See *Minor v. State,* 6 Md. App. 82, 250 A. 2d 113; *Boone v. State,* 2 Md. App. 80, 233 A. 2d 476.

## IV

. Appellant was convicted under the first count of robbery with a dangerous and deadly weapon of Jack Cheslock, and under the sixth count of grand larceny of the moneys and properties of Jack Cheslock. As both convictions arose out of the same set of circumstances, the one, armed robbery, necessarily involves the other, grand larceny. Therefore, we find that the sixth count merged into the first count. Since his conviction under the tenth count arose out of the larceny of specific goods worth $100. or more, the property of Cheslock, Inc., there would be no merger. Judgment will, therefore, be vacated as to the sixth count.

*Judgments affirmed as to the first and tenth counts.*
*Judgment vacated as to the sixth count.*