## STOKES *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 1, October Term, 1954 (Adv.).]

630

*Decided June 23, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus.*

The petitioner was indicted for rape, assault with intent to rape, and common assault on an infant female, ten years of age. He was found guilty on the charge of common assault and sentenced to two years in the House of Correction. The judgment was affirmed by this Court in *Stokes v. State,* 202 Md. 166, 95 A. 2d 871.

Petitioner alleges in his application that the Baltimore City Court, in reaching its verdict, based its judgment on a report read into the record as a stipulation covering the doctor's examination of the infant and that this constituted error. Alleged errors in the admission of matters in evidence in a trial below are reviewable on appeal but not on *habeas corpus. Tyson v. Warden,* 198 Md. 684, 84 A. 2d 59; *Land v. Warden,* 199 Md. 694, 87 A. 2d 527.

The petitioner further alleges that there was collusion between the prosecuting attorney and his counsel. Petitioner does not allege that he complained of the services of his lawyer at the time of the trial nor does the record show any such complaint. *Goodman v. Warden,* 190 Md. 746, 60 A. 2d 527; *Tabor v. Swenson,* 193 Md. 706, 66 A. 2d 205; *Edmondson v. Wright,* 193 Md. 710, 66 A. 2d 386; *State ex rel. Clark v. Swenson,* 193 Md. 723, 68 A. 2d 676; *Obenstine v. Warden,* 198 Md. 648, 80 A. 2d

610. It is also to be noted that the same counsel represented petitioner in the case in the Court of Appeals as in the lower court.

Petitioner further complains that his attorney failed to subpoena witnesses as requested by him. He does not allege that summonses were issued for these witnesses or that he expressed to the court his desire for these witnesses. *Goodman v. Warden, supra; Tabor v. Swenson, supra; Selby v. Warden,* 201 Md. 653, 92 A. 2d 756.

Petitioner also refers to an *ex post facto* law and that he was deprived of his rights under the First, Sixth, and Fourteenth Amendments of the United States Constitution. He does not give any grounds, any reasons, or any facts to support these contentions.

*Application denied, with costs.*