STATE ᴇx ʀᴇʟ. WILLIAMS *v.* WARDEN OF MARY-
LAND PENITENTIARY

[H. C. No. 34, October Term, 1947.]

*Decided May 21, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from refusal of a writ of habeas corpus. Petitioner is imprisoned under sentence of ten years for burglary. He asserts that he was deprived of his rights to be secure against unreasonable searches and seizures, was falsely arrested without a warrant, and was deprived of property without due process by a malicious conspiracy. These assertions are not supported by any allegations of facts and, even if true, would not absolve him from punishment when lawfully indicted, tried and convicted. *Davis v. Brady,* 188 Md. 113, 51 A. 2d 827; *Bowie v. Warden,* 190 Md. 728, 60 A. 2d 185; *State ex rel. Wilson v. Warden,* 190 Md. 758, 60 A. 2d 185. He also asserts that he was deprived of rights to counsel and of "compulsory process to obtain evidence held back by the State", but alleges no facts which support these assertions. He asserts that the indictment was "in no way competent" and the verdict and judgment were not proper under the indictment, but no copy of the indictment was filed with the petition. He alleges that the trial judge by "animated summation" for the State "turned the prosecution into persecution", but alleges no facts which show violation of any fundamental right. If the verdict was unjust, the remedy was a motion for a new trial. The question of guilt or innocence and the weight or sufficiency of the evidence cannot be retried on habeas corpus. *Rountree v. Wright,* 189 Md. 292, 55 A. 2d 847, and cases cited.

*Application denied, without costs.*