## STATE EX REL. BATTEE *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 40, October Term, 1947.]

*Decided June 16, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from refusal of a writ of habeas corpus.

First, petitioner alleges that he was denied due process of law. He says that he was in Spring Grove State Hospital for observation and treatment from June 9 to June

23, 1947, and that on June 23 he was brought into Court, but Judge Sherbow remanded him to the hospital, where he remained until August 11. He then says that at the trial on October 14 Judge Sherbow ruled that he was sane both at the time of the crime and at the time of the trial. He contends that the judge showed prejudice because he remanded him to the hospital while he was under bond and contradicted himself by finding petitioner sane. It is clear from petitioner's own allegations that he was sent to the hospital for observation and treatment, and that the Court had not made any final decision on the subject. In any event, the question of guilt or innocense cannot be retried on habeas corpus.

Second, petitioner alleges that he asked for several witnesses, but they did not appear, and thus the Court did not have the benefit of their testimony as to his mental condition as a result of alcoholism. The Constitution does not guarantee the attendance of witnesses in criminal prosecution, and accordingly an accused does not show that he has been denied any constitutional right when a witness who has been summoned is not present at the trial and accused does not give any reason for the absence of the witness. *Blount v. Wright,* 189 Md. 294, 55 A. 2d 709.

Third, petitioner alleges that the evidence at the trial did not show conclusive proof of his guilt, as there was merely weak circumstantial evidence. As we have said many times, the writ of habeas corpus cannot be used as an appeal or for the purpose of reviewing the evidence given in a criminal case. *State, ex rel. Williams v. Warden of the Maryland Penitentiary,* 190 Md. 762, 60 A. 2d 186.

*Application denied, without costs.*