## STATE EX REL. FREELAND v. WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 30, October Term, 1948.]

*Decided April 27, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

PER CURIAM.

Earl Randall Freeland, sentenced to the Maryland Penitentiary for 7½ years for the crime of robbery with deadly weapon, has applied here for leave to appeal from refusal of a writ of habeas corpus.

Petitioner says that he was committed in January, 1946, to the Federal Penitentiary at Leavenworth, Kansas, and while in that penitentiary the Maryland authorities filed a detainer against him. He says that, before the expiration of the term at Leavenworth, he refused to sign a waiver of extradition to the State of Maryland; that he was thereupon ordered to be sent to the Federal Penitentiary at Lewisburg, Pennsylvania; and that he objected because he had arranged to have an attorney represent him at an extradition hearing in Kansas. He claims that he was transferred from Leavenworth to Lewisburg in order that he would be more easily available to the Maryland authorities. He alleges that, after he refused to submit to the transfer, he was brutally beaten and forcibly transferred to Lewisburg; and that as a result of that treatment he arrived there in a highly nervous state and on the verge of collapse.

Petitioner also alleges that on December 15, 1947, he was taken to the Central Police Station in Baltimore, where he made a request to be allowed counsel, but this right was denied him and he was subjected to exhaustive questioning. He complains that he was questioned "on and off" during a period of about 36 hours. He claims

that he made his confession when he was mentally and physically exhausted.

He further alleges that on December 17 he was taken to the Baltimore City Jail, and on December 18 he was brought before Judge Sherbow in the Criminal Court for arraignment. He contends that he was deprived of his constitutional right because he was not allowed to have counsel until after he had been questioned, and he was forced to make his confession of guilt.

There is no merit in the contention that he was compelled to be "a witness against himself" in violation of the Fifth Amendment to the Federal Constitution. He admits that prior to his trial the Court appointed a lawyer to represent him; that the lawyer called to see him while he was confined in the Baltimore City Jail; and that he informed his lawyer that he had made a confession. He requested his lawyer to challenge the confession and request a jury trial, but the attorney advised him to enter a plea of guilty.

It is well established that the alleged fact that a petitioner was unlawfully arrested and beaten by officers at the time of his arrest does not entitle him to release from the penitentiary on writ of habeas corpus after lawful indictment, trial and conviction. *State ex rel. Wilson v. Warden of Maryland Penitentiary*, 190 Md. 758, 60 A. 2d 185; *Holliday v. Warden of Maryland State Penitentiary*, 191 Md. 763, 62 A. 2d 573. The writ of habeas corpus cannot be made except by statute, to perform functions of a writ of error in bringing under review a judgment of conviction simply for errors or irregularities in the proceedings. *Olewiler v. Brady*, 185 Md. 341, 44 A. 2d 807. In the present case there are no allegations or supporting affidavits as to facts showing that petitioner's counsel betrayed him or acted corruptly or collusively, assuming without deciding that such charges could be reviewed on habeas corpus. *Rountree v. Wright*, 189 Md. 292, 55 A. 2d 847.

*Application denied, without costs.*