STATE EX REL. FREELAND *v.* WARDEN
OF MARYLAND PENITENTIARY

[H. C. No. 17, October Term, 1949.]

*Decided January 11, 1950.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is the second time Earl R. Freeland has applied here for leave to appeal from a refusal of a writ of habeas corpus.

On his first application he alleged that he was committed in 1946 to the Federal Penitentiary at Leavenworth, Kansas, and while there the Maryland authorities filled a detainer against him, and before the expiration of the term at Leavenworth he refused to sign a waiver of extradition to the State of Maryland; that he was ordered sent to the Federal Penitentiary at Lewisburg, Pennsylvania, in order that he would be more easily available to the Maryland authorities; and that after he refused to submit to the transfer, he was beaten and

transferred to Lewisburg, and as a resullt of that treatment he arrived there in a nervous state.

Petitioner further alleged on his first application that on December 15, 1947, he was taken to the Central Police Station in Baltimore, where he made a request for counsel, but the right to have counsel was denied and he was subjected to exhausting questioning during a period of about 36 hours. He further alleged that on December 17, 1947, he was taken to the Baltimore City Jail, and on the following day was brought before Judge Sherbow in the Criminal Court of Baltimore for arraignment on the charge of robbery with deadly weapon. He contended that he was not allowed to have counsel until after he had been questioned and was forced to make his confession of guilt. He was sentenced to the Maryland Penitentiary for the term of seven and a half years.

That application for leave to appeal was denied by the Court of Appeals. *State ex rel. Freeland v. Warden of Maryland Penitentiary*, 193 Md. 696, 65 A. 2d 886.

The present application contains the following additional allegations: (1) that he is being held under a defective commitment; (2) that he made numerous requests for a copy of the indictment against him, but each request was ignored, and these refusals deprived him of the right to enter a demurrer to the indictment; (3) that the indictment used in the extradition proceedings was not the indictment on which he was tried, and hence the Criminal Court did not have jurisdiction to try him on the second indictment before first trying him on the indictment used for his extradition; and (4) that he was denied the right to have witnesses in his own behalf.

*First.* Petitioner did not present any papers or evidence to show that the commitment under which he is held in the Penitentiary is defective. There is no basis here for his release from imprisonment.

*Second.* Even if petitioner had been unable to obtain a copy of the indictment, such fact would not justify

his release on habeas corpus. He admitted that prior to his trial the Court appointed a lawyer to represent him, and that the lawyer called to see him while he was confined in the Baltimore City Jail and advised him to enter a plea of guilty. He accepted his lawyer's advice and was duly convicted.

*Third.* It was the early view in this country that if one State procured extradition from another State of an alleged fugitive from justice in order to prosecute him for some particular offense, he could not be prosecuted in the former State for some other offense until after he had a reasonable opportunity to return to the place from which he was extradited. Even under that rule it was held that a slight difference between the charge on which a criminal was tried and that on which he was extradited from another State was immaterial, in the absence of anything to suggest fraud in procuring the extradition. The rule now, however, is that as between the States of the Union, fugitives from justice have no right of asylum in the international sense, and therefore a fugitive who has been returned by interstate extradition may be tried for offenses other than those for which his return was demanded without violating any right secured by the Constitution of the United States. *Lascelles v. State of Georgia,* 148 U. S. 537, 13 S. Ct. 687, 37 L. Ed. 549.

*Fourth.* There is no constitutional provision guaranteeing the attendance of witnesses in criminal prosecution, and as petitioner pleaded guilty, it does not appear that he has been denied any constitutional right even if his allegation that he was denied the right to have witnesses in his own behalf were true. *Blount v. Wright,* 189 Md. 294, 55 A. 2d 709; *State ex rel. Battee v. Warden of Maryland House of Correction,* 191 Md. 751, 60 A. 2d 187.

*Application denied, without costs.*