RAYMOND, Superintendent, *v.* STATE ex rel. YOUNKINS

[No. 137, October Term, 1949.]

*Petition for leave to appeal granted December 8, 1949.*

*Decided April 14, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *Daniel M. Murray, Jr., State's Attorney for Howard County,* on the brief, for the appellant.

Submitted on brief by *Martin Younkins* in proper person.

COLLINS, J., delivered the opinion of the Court.

Martin Younkins, appellee here, was convicted before a magistrate in Howard County of assault and battery upon his wife and sentenced on August 26, 1949, to the Maryland House of Correction for the term of six months. He was subsequently transferred to The Maryland State Reformatory for Males at Breathedsville.

On September 15, 1949, he filed a petition for a writ of habeas corpus before Judge Herman Moser of the

Supreme Bench of Baltimore City. The main contention by the appellant for his release and the reason Judge Moser directed the discharge follows: "My wife and I were not informed of her legal rights as my lawful wife not to testify if she so desired." Judge Moser granted the writ and after hearing released the prisoner from custody on October 6, 1949. In granting the release the judge said: "I think it is an obligation on the part of the Court to advise the wife it is her free choice to decide whether she wants to testify or not."

H. R. Raymond, Superintendent, Maryland State Reformatory for Males, Breathedsville, Maryland, appellant here, filed in this Court a petition to prosecute an appeal from the order of Judge Moser passed on October 6, 1949. This Court in No. 18, Habeas Corpus Applications, October Term 1949, granted the appellant's application to appeal. Code 1947 Supplement, Article 42, Section 3C.

In the case of *Hanon v. State,* 1885, 63 Md. 123, appellant was indicted under Chapter 120 of the Acts of 1882 for brutally assaulting and beating his wife. At the trial of the case the State offered the wife as a witness. The appellant objected on the ground that she was incompetent to testify against him. This Court said in that case, 63 Md., at pages 125 and 126: "But even if the statute creates a new offense, it does not necessarily follow that the wife could not be a witness. The principle of necessity, by which under the common law a wife is permitted to testify against her husband on a charge affecting her liberty or person, would seem equally applicable to a statute designed to protect her in either of these respects. The object sought by the present statute is to shield her from the personal violence of her husband, and the danger of defeating this object and the difficulty in supplying the proof, were the wife excluded as a witness would be the same as at common law."

Chapter 545 of the Acts of 1888, 1939 Code, Article 35, Section 4, now provides in part: "In all criminal proceedings the husband or wife of the accused party shall be competent to testify." The wife, being competent

as a witness, if there is any right on her part, and we do not here so decide, to be advised that it is her free choice as to whether she will testify against her husband, it is the wife's right alone. It is certainly no right of the accused husband, fundamentally or otherwise.

Illustrative of this is the principle that it is no right of an accused, when an accomplice is called as a witness against him, to have that accomplice informed of his constitutional right to claim immunity from testifying on the ground that such testimony might incriminate the witness. It is stated in *Underhill's Criminal Evidence,* 4th Edition, Section 436, page 902: "The right to refuse to answer incriminating questions is personal to the witness. To preserve his right he must himself object. If he wishes to answer, he may do so and neither the prosecution, nor the accused has a right to object." *State v. Addington,* 1944, 158 Kan. 276, 147 P. 2d 367; *People v. Barnnovich,* 1911, 16 Cal. App. 427, 117 P. 572; *State v. Nelson,* 1917, 91 Vt. 168, 99 A. 881; *Orum v. State,* 1930, 38 Ohio App. 171, 175 N. E. 876; *State v. Rowley,* 1924, 198 Iowa 613, 198 N. W. 37, 199 N. W. 369. In the case of *Chesapeake Club of Annapolis City v. State,* 63 Md. 446, a club was indicted for violating the "Local Option Law." One of its sections provided that if a company, corporation or association was convicted, each or any member shall be liable and suffer the prescribed punishment. At the trial one of the members, called as a witness, refused to answer a question on the ground it would incriminate him. The court overruled his objection. The answer was given and that is one of the exceptions argued on appeal. This court held that the witness was correct and should have been allowed to claim his privilege, 63 Md. at page 456. Judge Alvey said: "The witness, however, as a member of the corporation, being liable to prosecution for any participation in the violation of the statute, was entitled to insist upon his privilege of being exempt from making any disclosure that might be used for his crimination. This is a personal privilege of the witness, and must be claimed

by him upon oath, as was done in this case, and consequently neither the party to the cause nor the counsel engaged will be.permitted to make the objection. *Regina v. Kinglake,* 11 Cox, 499; 2 Phill. Ev. 418; 2 Taylor Ev. sec. 1319, I Grennl. Ev. sec. 451." In the case of *Roddy v. Finnegan,* 1876, 43 Md. 490, it is said at page 502: "The witness ordinarily has the privilege of declining to answer a question, that might subject him to criminal prosecution; but this he can waive. It is the privilege of the witness not of the party." *Richardson v. State,* 103 Md. 112, 115, 63 A. 317.

In this case the privilege, if any, was that of the wife and not of the accused. This Court has many times said that where no fundamental right of the petitioner is involved questions relating to the admissibility of evidence can only be raised on direct appeal, and not by a habeas corpus proceeding. *Rountree v. Wright,* 189 Md. 292, 55 A. 2d 847; *Bowie v. Warden of Md. Penitentiary,* 190 Md. 728, 60 A. 2d 185; *State ex rel. Battee v. Warden of House of Correction,* 191 Md. 751, 60 A. 2d 187; *State ex rel. Celentano v. Wright,* 192 Md. 713, 63 A. 2d 635.

The order of October 6, 1949, will be reversed and the appellee remanded to the custody of the appellant.

*Order reversed, and appellee remanded to the custody of the appellant.*