**Harry L. CUMBERLAND, Appellant,**

v.

**WARDEN, MARYLAND PENITENTIARY, Appellee.**

**No. 7026.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1955.

Decided Nov. 9, 1955.

Harry L. Cumberland, pro se, on brief.

James H. Norris, Jr., Sp. Asst. Atty. Gen., of Maryland (C. Ferdinand Sybert, Atty. Gen., of Maryland, on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM.

■ This is an appeal from an order denying a petition for a writ of habeas corpus by a prisoner who is held in custody under the judgment of a Maryland State Court. The appeal must be dismissed for lack of the certificate of probable cause required by 28 U.S.C. § 2253. In addition, it is perfectly clear that the appeal is entirely without merit. The questions which appellant sought to raise by the writ of habeas corpus have been passed upon by the Court of Appeals of Maryland in denying to appellant leave to appeal from denial of habeas corpus by a Maryland state judge. Cumberland v. Warden, 205 Md. 646, 109 A.2d 66, 67, certiorari denied 348 U.S. 929, 75 S.Ct. 344. In that case the court said:

"We have repeatedly held that after trial and conviction the legality of arrest cannot be inquired into upon habeas corpus. Spence v. Warden, 204 Md. 661, 103 A.2d 345. Nor can the extent or legality of his initial detention. Bowie v. Warden, 190 Md. 728, 60 A.2d 185; Taylor v. Warden, 201 Md. 656, 92 A.2d 757; Fisher v. Swenson, 192 Md. 717, 64 A.2d 124. He admits that counsel was appointed to defend him, and there is no allegation that he complained to the court as to the conduct or competency of the counsel appointed. Gillum v. Warden, 200 Md. 656, 90 A.2d 173; Thanos v. Superintendent, 204 Md. 665, 104 A.2d 926. Nor is there any allegation that he objected to the pleas of guilty entered by his counsel. Counsel, of course, had a right to speak for the accused both in the matter of jury trial and plea of guilty. Ahern v. Warden, 203 Md. 672, 100 A.2d 645; Adkins v. Warden, 196 Md. 652, 75 A.2d 772; State ex rel. Freeland v. Warden, 193 Md. 696, 65 A.2d 886; Battle v. Warden, 190 Md. 720, 60 A.2d 182. If the defendant acquiesces, the point could not be raised even on direct appeal where the scope of review is far wider. Banks v. State, 203 Md. 488, 497, 102 A.2d 267; Rose v. State, 177 Md. 577, 581, 10 A.2d 617. Of course, if the plea of guilty was entered without objection in the presence of the accused, as we must assume, there was no occasion for the State to produce witnesses to prove the charges. Lockman v. Warden, 203 Md. 657, 99 A.2d 721; State ex rel. Jordan v. Warden, 191 Md. 753, 59 A.2d 778."

■ Where the questions which appellant sought to raise had been adequately considered and properly passed upon by the state courts, appellant was not entitled, as a matter of right, to raise them by habeas corpus in the federal court. Brown v. Allen, 344 U.S. 443, 460–465, 73 S.Ct. 397, 97 L.Ed. 469.

Appeal dismissed.