TOPP *v.* SUPERINTENDENT OF MARYLAND
REFORMATORY FOR MALES

[H. C. No. 24, September Term, 1957.]

*Decided November 20, 1957.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Brune, C. J., delivered the opinion of the Court.

The applicant's petition for a writ of *habeas corpus,* which was based upon the two grounds stated below, was denied by Judge Cullen, sitting in the Baltimore City Court, and the applicant seeks leave to appeal. The grounds upon which the writ was sought were: (1) that at his trial evidence was admitted of a statement which the applicant says was obtained from him by the police as a result of mistreatment, including detention for an unwarranted length of time before he was brought before a magistrate; and (2) that at the trial a co-defendant was permitted to testify after having admitted that he had lied previously in connection with the same case.

In his brief in support of his application for leave to appeal, the applicant seeks to add to his claim with regard to his detention that he was entitled to the benefit of the laws relating to juvenile delinquents, but his brief shows that he was above the age at which he would have been within juvenile court jurisdiction in the City of Baltimore. He also seeks by his brief in this Court to add to his grounds for seeking the writ the claim that his court-appointed counsel was incompetent. A bare allegation to this effect has frequently been held by this Court not to be a sufficient basis for the issuance of a writ; but it is not properly before us, since it was not presented by his petition. *Walker v. Warden,* 209 Md. 654, 121 A. 2d 714; *Roberts v. Warden,* 211 Md. 639, 126 A. 2d 857. See also *Cooper v. Warden,* 214 Md. 629, 136 A. 2d 367, filed contemporaneously herewith.

The first ground upon which the applicant based his petition would have been available on appeal, but after indict-

ment, trial and conviction it is not a sufficient basis for the issuance of a writ of *habeas corpus*. *Freeland v. Warden,* 193 Md. 696, 65 A. 2d 886, *cert.* den., 338 U. S. 836; *Presley v. Warden,* 205 Md. 660, 109 A. 2d 922, *cert.* den., 348 U. S. 955; *White v. Warden,* 211 Md. 623, 126 A. 2d 294; *Johnson v. Warden,* 212 Md. 652, 129 A. 2d 84; *Hicks v. Warden,* 213 Md. 625, 130 A. 2d 761. We may note that the applicant was represented by counsel. Cf. *Uveges v. Pennsylvania,* 335 U. S. 437.

The second ground originally asserted in support of the petition seems to raise essentially a question of the sufficiency of the evidence. Such a question cannot be raised on *habeas corpus.* An explicit claim that perjury was committed (which we scarcely have here), if unaccompanied by any allegation to show the State's knowing participation in the use of perjured testimony, is not a ground for the issuance of the writ sought. *Brigmon v. Warden,* 213 Md. 628, 131 A. 2d 245.

*Application denied, with costs.*