## SKATES *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 25, September Term, 1957.]

640

[redacted]

*Decided November 20, 1957.*

[redacted]

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

BRUNE, C. J., delivered the opinion of the Court.

The applicant seeks leave to appeal from the denial by Judge Smith of the Circuit Court for Baltimore County of a petition for a writ of *habeas corpus.*

The applicant alleges that he was held *incommunicado* by the police for seventy-two hours, despite efforts of his family to get in touch with him and to send a lawyer to see him, that he was subjected to beatings and other indignities, that he was arraigned on the charges against him without having counsel prior to his arraignment, and that evidence of his identification by the victim of the assault with a deadly weapon, upon which the applicant received a three-year sentence, was insufficient, and that a blackjack found at or near the scene of the offense was not sufficiently identified with the applicant. He also alleges prejudice of the police against him.

It is worthy of note that the applicant does not assert that his alleged mistreatment by the police resulted in his making a confession. Hence, it could hardly have induced the plea of guilty referred to below. See *Townsend v. Burke,* 334 U. S. 736.

The applicant's petition asserts that he "pleaded Not Guilty in all cases." The docket entries in the three cases against him, upon which he was sentenced to the imprisonment from which he seeks release, show this to be a half-truth at best. The charges are summarized in the docket entries as "Deadly Weapon" (No. 1473), "Attempt to Rob with Deadly Weapon" (No. 1474) and "Assault" (No. 1475). On April 25, 1956, when arraigned, the defendant (now applicant) did plead not guilty to each indictment. On May 2, 1956, a docket entry in each case shows that he submitted under a plea of guilty. The docket entries also show that he was represented by counsel in each case. He was sentenced to two years' imprisonment on the deadly weapon charge and to three years' imprisonment on the charge of an attempt to rob with a deadly weapon, the latter sentence to run consecutively with the first. He also received a two-year sentence on the assault charge, but this sentence was to run concurrently with the sentence on the attempted robbery charge.

We find no basis for the issuance of the writ. The applicant himself concedes that insufficiency of evidence cannot be raised on *habeas corpus* proceedings—a concession which is amply supported by our decisions. It is also evident that his pleas of guilty removed the sufficiency of the evidence from the field of controversy. (It seems probable that any hearing was not a trial, but a proceeding to determine the sentence to be imposed.) There likewise seems to be a complete lack of factual and causal connection between his having been held *incommunicado* as he asserts and his ultimate plea of guilty made when he was represented by counsel a week after his arraignment and apparently two weeks after his commitment by a magistrate. See *Townsend v. Burke, supra.* See also *Topp v. Superintendent,* 214 Md. 637, 136 A. 2d 369 (decided contemporaneously herewith), and cases therein cited holding that a contention that force was used to obtain a confession is pertinent at the trial of an accused person in testing the voluntary character of the confession, but after indictment, trial and conviction cannot be raised on *habeas corpus.* Since there is no showing that a confession was obtained or that police mistreatment resulted in the applicant's plea of guilty, and

642

since it seems clear that he was represented by counsel when his pleas were changed from not guilty to guilty, the case differs greatly from *Pennsylvania, ex rel. Herman v. Claudy,* 350 U. S. 116, upon which the applicant relies.

*Application denied, with costs.*

[H. C. No. 26, September Term, 1957.]

*Decided November 20, 1957.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.