## WAGNER *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 7, October Term, 1954.]

650

*Decided November 15, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of the writ of *habeas corpus* by Judge Moser of the Supreme Bench of Baltimore City. The petitioner was convicted of sodomy in 1953 by the Circuit Court for Allegany County and sentenced to five years in the penitentiary.

The petitioner grounds his application on these points: 1, that he was illegally arrested; 2, that when he had

been in jail five days, three bench warrants for his arrest were signed but not actually issued until four days later; 3, that he was illegally in custody for nine days; 4, that although he was accused of a felony, he was never given an opportunity to be confronted by his accusers and never received a preliminary hearing; 5, that a Police Lieutenant obtained his confession on the promise that he would be tried in juvenile court on the charge of contributing to the delinquency of a minor; 6, that although there was doubt as to his sanity, the court did not refer him to a psychiatrist, as provided by Code (1951) Art. 59, Sec. 10; 7, that his counsel induced him to plead guilty; 8, that the court did not take testimony after he had plead guilty; and 9, that the record of his conviction fails to show under which count of the indictment the plea of guilty was entered, and since the second count of each of the three indictments is void for duplicity, the entire conviction must fail.

The first three contentions concern petitioner's arrest and confinement. We have repeatedly held that after trial and conviction the legality of arrest and extent or legality of initial detention cannot be inquired into on *habeas corpus. Spence v. Warden,* 204 Md. 661; *Bowie v. Warden,* 190 Md. 728; *Taylor v. Warden,* 201 Md. 656; *Cumberland v. Warden,* 205 Md. 646.

The petitioner's claim that he was denied the right to be confronted by his accusers goes to the regularity of the proceedings and not to the jurisdiction of the court, and cannot be raised on *habeas corpus. Sykes v. Warden,* 201 Md. 662; *Hickman v. Warden,* 203 Md. 668. The last two cases also decided that failure to hold a preliminary hearing does not vitiate a criminal trial, and cannot be raised on *habeas corpus.*

The petitioner's contention that he was induced to confess by the promise that he would be tried in juvenile court on a lesser charge will not stand up. He plead guilty in open court, and if his claim were true, he would have waived it by a plea of guilty. It is not to be supposed, represented as he was by counsel, that he

was not aware that he was being tried in the criminal court on a charge of sodomy and not in a juvenile court on the charge of contributing to the delinquency of a minor. With this awareness, he voluntarily plead guilty. Under these circumstances, the point could not be raised even on direct appeal, where the scope of appeal is far wider. *Banks v. State,* 203 Md. 488.

The petitioner's claim that he should have been examined by a psychiatrist is based on a remark of the trial court: "You may not have the physical or mental discipline to restrain yourself." This would seem to have been evident by the fact of the commission of the crime charged, which is a far cry from saying that the petitioner was, or appeared to be, "insane or a lunatic", which is the statutory test for invoking the procedures of Sec. 10 of Art. 59. Again, the plea of guilty disposes of the contention; the question of sanity is *res judicata,* and cannot be inquired into on *habeas corpus.*

The petitioner's complaint that his counsel induced him to plead guilty cannot avail him. He does not allege, nor is it shown that he complained to the court, of his counsel's conduct or advice, and we have held that ineptness or lack of competence in counsel will not avail one who seeks *habeas corpus,* at least, where there is no allegation of fraud, bad faith or collusion with any official of the State. *Thanos v. Superintendent,* 204 Md. 665; *Faught v. Warden,* 205 Md. 639. There is no substance to the petitioner's complaint that the court did not take testimony after he pleaded guilty. It is settled that there is no necessity that this be done in such case. *Cumberland v. Warden, supra; Lockman v. Warden,* 203 Md. 657.

Petitioner's final claim as to the duplicity of the indictments, is not maintainable in view of the general plea of guilty. In addition to this, the general verdict rendered in the case, without specification as to any particular count, would cure the alleged defect. *Berger v. State,* 179 Md. 410. The application is denied.

*Application denied, with costs.*