## HAYNIE *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 7, October Term, 1956 (Adv.).]

*Decided July 12, 1956.*

Before Brune, C. J., and Delaplaine, Collins, Henderson and Hammond, JJ.

Delaplaine, J., delivered the opinion of the Court.

Carlton Haynie, a prisoner in the Maryland Penitentiary, has applied here for leave to appeal from the refusal of a writ of *habeas corpus.*

Petitioner alleges that he was arrested on June 22, 1955, by police officers from the Northwestern Police Station on charges of armed robbery with a deadly weapon. He pleaded not guilty in the Criminal Court of Baltimore, and the Court appointed an attorney to defend him. On July 14, 1955, he was found guilty on two charges and was sentenced to the Maryland Penitentiary for 20 years on each charge, the terms to run consecutively.

*First.* Petitioner alleges that he was arrested without a warrant. The law is established in this State that even though an accused has been arrested unlawfully, he cannot escape punishment for that reason after he has been lawfully indicted, tried and convicted. *Bowie v. Warden of Maryland Penitentiary,* 190 Md. 728, 60 A. 2d 185; *State ex rel. Wilson v. Warden of Maryland Penitentiary,* 190 Md. 758, 60 A. 2d 185; *Holliday v. Warden of Maryland Penitentiary,* 191 Md. 763, 62 A. 2d 573. Accordingly the question whether the arrest of an accused who has been lawfully convicted was illegal cannot be reviewed on *habeas corpus. Tabor v. Swenson,* 193 Md. 706, 66 A. 2d 205, *certiorari* denied 337 U. S. 947, 69 S. Ct. 1506, 93 L. Ed. 1749; *Lewis v. Warden of Maryland Penitentiary,* 203 Md. 676, 100 A. 2d 803; *Spence v. Warden of Maryland House of Correction,* 204 Md. 661, 103 A. 2d 345; *Wagner v. Warden of Maryland Penitentiary,* 205 Md. 648, 109 A. 2d 118.

*Second.* Petitioner alleges that the officers at the Northwestern Police Station extracted a confession from him by

physical violence and third-degree methods. It has been held by this Court that an allegation of a prisoner that police officers used physical force and threats to gain a confession or incriminating statements from him cannot be considered on *habeas corpus* after lawful indictment, trial and conviction. *State ex rel. Freeland v. Warden of Maryland Penitentiary,* 193 Md. 696, 698, 65 A. 2d 886, *certiorari* denied 338 U. S. 836, 70 S. Ct. 45, 94 L. Ed. 511; *Presley v. Warden of Maryland Penitentiary,* 205 Md. 660, 109 A. 2d 922. It has been repeatedly stated that alleged errors in the admission of matters in evidence in the trial court are reviewable on appeal, but not on *habeas corpus. Land v. Warden of Maryland Penitentiary,* 199 Md. 694, 87 A. 2d 527; *Stokes v. Warden of Maryland House of Correction,* 205 Md. 629, 106 A. 2d 78.

*Third.* Petitioner alleges that his attorney did not represent him properly. An allegation of a petitioner for *habeas corpus* that the attorney who represented him at his trial was incompetent or did not defend him properly will not be considered on *habeas corpus,* at least where there is no allegation of fraud or collusion with any official of the State, and the petitioner had an opportunity to complain to the Court and did not do so. *Thanos v. Superintendent, Maryland State Reformatory for Males,* 204 Md. 665, 104 A. 2d 926; *Faught v. Warden of Maryland Penitentiary,* 205 Md. 639, 109 A. 2d 56; *Roberts v. Warden of Maryland Penitentiary,* 206 Md. 246, 251, 111 A. 2d 597.

*Application denied, with costs.*