## FAUGHT *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 8, October Term, 1954.]

*Decided November 11, 1954.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of the writ of *habeas corpus* by Judge Schnauffer of the Circuit Court for Frederick County. The petitioner was

convicted in the Criminal Court of Baltimore in 1953 of assault and attempted robbery and was sentenced to ten years in the penitentiary.

The petitioner bases his right to relief on two grounds: first, that the indictment, which he characterizes as "a stocksheet form", was fatally defective, apparently because it did not set forth the time or the place of the crime which he is alleged to have committed, was repetitious and ambiguous; the second ground is that his counsel, appointed by the court to defend him, did not prepare his case or make an adequate defense.

It is settled that imperfections in an indictment may be reviewed on appeal or on motion for new trial. They cannot be reviewed on *habeas corpus*. *Ahern v. Warden,* 203 Md. 679; *Laslo v. Warden,* 204 Md. 663; *Brown v. Sheriff,* 200 Md. 663; *Bowie v. Warden,* 201 Md. 648.

The petitioner's allegations as to the ineptness of his counsel are general. He does not allege that he made known any complaint that he had to the judge before whom he was tried, nor does the record show any complaint. Under similar circumstances, we have refused to recognize the contention of ineptness, lack of diligence, or incompetency of counsel as a ground for the issuance of the writ of *habeas corpus,* at least where there is no allegation of fraud, bad faith or collusion with any official of the State. *Thanos v. Superintendent,* 204 Md. 665. There is no such allegation here. See also *Stokes v. Warden,* 205 Md. 629. The application must be denied.

*Application denied, with costs.*