LIEVERS *v.* WARDEN OF MARYLAND
PENITENTIARY

[H. C. No. 8, October Term, 1956 (Adv.).]

672

*Decided July 27, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

Frank Lievers, a prisoner in the Maryland Penitentiary, is applying here for leave to appeal from the refusal of a writ of *habeas corpus.*

Petitioner and Melvin Wade were charged jointly in the Criminal Court of Baltimore in two indictments. One indictment charged the two defendants with conspiracy to commit an assault with intent to murder. The second indictment charged them with (1) assault with intent to murder, and (2) assault. Petitioner pleaded not guilty, and the Court appointed an attorney to defend him. On January 30, 1956, petitioner was found guilty on the first indictment and also guilty on the first count of the second indictment. The Court sentenced him to the Penitentiary for a term of eight years on each conviction, the sentences to run concurrently.

*First.* Petitioner contends that it was improper for the Court to admit Wade's testimony because it was false, and therefore the testimony produced against him was insufficient to prove his guilt. *Habeas corpus* cannot be used for the purpose of reviewing the evidence given in a criminal case. *State ex rel. Battee v. Warden of Maryland House of Correction,*

191 Md. 751, 60 A. 2d 187; *Friedel v. Warden of Maryland Penitentiary*, 205 Md. 657, 109 A. 2d 50. Objection by an accused to the production of improper evidence may be made at his trial, and if the objection is overruled, error may be corrected on appeal. *State ex rel. Joyner v. Warden of Maryland House of Correction*, 193 Md. 704, 65 A. 2d 887.

*Second.* Petitioner contends that his bail was excessive and that it should have been the same as Wade's bail. This allegation has no bearing on the propriety of petitioner's detention. *State ex rel. Stovall v. Wright*, 191 Md. 749, 60 A. 2d 197.

*Third.* Petitioner contends that his attorney did not represent him properly. Alleged incompetency or lack of diligence of the attorney for a prisoner at his trial affords no ground for the issuance of a writ of *habeas corpus* where no complaint to the trial judge was alleged and there was no allegation of fraud or collusion with any official of the State. *Faught v. Warden of Maryland Penitentiary*, 205 Md. 639, 109 A. 2d 56; *Roberts v. Warden of Maryland Penitentiary*, 206 Md. 246, 111 A. 2d 597; *Haynie v. Warden of Maryland Penitentiary*, 210 Md. 668, 124 A. 2d 285.

*Fourth.* Petitioner contends that the trial judge failed to obtain witnesses for him. The contention of a prisoner that he was not given compulsory process for witnesses in a criminal prosecution can be raised on appeal, but cannot be raised on *habeas corpus*. Denial of an opportunity to obtain witnesses at a trial goes only to the regularity of the proceeding, not to the jurisdiction of the trial court. *Cummings v. Warden of Maryland House of Correction*, 206 Md. 637, 111 A. 2d 596; *Williams v. Warden of Maryland Penitentiary*, 209 Md. 641, 120 A. 2d 919.

*Fifth.* Petitioner contends that there was some irregularity in the first presentment, as it was "turned down" by the grand jury on December 28, 1955, and another presentment was returned to the Court on January 5, 1956. Defects in an indictment, if properly objected to, may be reviewed on appeal or motion for a new trial, but cannot be reviewed in a *habeas*

*corpus* proceeding. *Strahl v. Warden of Maryland Penitentiary,* 202 Md. 655, 97 A. 2d 134, *certiorari* denied 346 U. S. 878, 74 S. Ct. 131, 98 L. Ed. 385. However, even if there was some irregularity in the first presentment, any such defect was corrected when the grand jury returned the second. Moreover, petitioner was sentenced to serve a term of eight years on each conviction, and even if he is unlawfully deprived of his liberty under one sentence, he may be lawfully imprisoned under the other.

*Sixth.* Petitioner contends that, on account of his criminal record, the trial court was prejudiced against him. In *State ex rel. Williams v. Warden of Maryland Penitentiary,* 190 Md. 762, 60 A. 2d 186, where the petitioner for *habeas corpus* alleged that the trial judge had "turned the prosecution into persecution," the Court of Appeals stated that if the verdict was unjust, the petitioner's remedy was a motion for a new trial. In the present case, as in that case, petitioner did not allege any facts showing violation of any fundamental right.

*Application denied, with costs.*