## BARKER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 8, October Term, 1955.]

*Decided January 5, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

BRUNE, C. J., delivered the opinion of the Court.

Raymond E. Barker was tried and convicted on October 22, 1954, before Judge Niles in the Criminal Court of Baltimore on the charge of larceny. The amounts of money mentioned in his petition for a writ of *habeas corpus* make it clear that the offense constituted a felony. (Code (1951), Article 27, Section 405, as amended by Acts of 1952, Chapter 18.) His petition for a writ was filed in the Circuit Court for Montgomery County, and was denied by Chief Judge Prescott. He applied for leave to appeal from the order denying the writ.

The applicant complains: (1) of an alleged illegal search and seizure; (2) that the presiding Judge was prejudiced; (3) that leniency was granted his co-defendant in return for a plea of guilty on the lesser charge against them; (4) that he was denied a severance; and (5) that his counsel would not permit him to testify.

1. *Search and Seizure.* An allegedly unlawful search and seizure may not be reviewed on *habeas corpus*. *Barr v. Warden,* 200 Md. 657, 90 A. 2d 216; *Bowen v. Warden,* 200 Md. 661, 90 A. 2d 174; *Baker v. Warden,* 200 Md. 653,

89 A. 2d 307; *Presley v. Warden,* 201 Md. 660, 92 A. 2d 754; *Superintendent v. Calman,* 203 Md. 414, 101 A. 2d 207. Since the offense in this case was a felony, the Bouse Act (Code (1951), Article 35, Section 5) was not applicable and evidence, even though obtained by an unlawful search, was admissible. *Salsburg v. State,* 201 Md. 212, 94 A. 2d 280, affirmed, *sub nom. Salsburg v. Maryland,* 346 U. S. 545.

2. *Alleged Prejudice.* Any matters of alleged prejudice on the part of the trial Judge were likewise available on appeal, but may not be reviewed on *habeas corpus.*

We may add that even the facts alleged do not support the charge. The alleged comment of the court to the effect that each of the parties would undertake to fasten responsibility on the other seems a simple recognition of a strong probability in a case of this type and the Judge's conclusion based thereon, that it would be fair for each party to be represented by counsel, seems logical and in itself fair. This is, if anything, emphasized by the fact (which we infer from the applicant's reference to "Counsel appointed to represent this co-defendant") that the trial court had appointed counsel for him.

The victim of the larceny was the brother of the Governor of the State. The applicant asserts that the Judge who presided at his trial could not have been unprejudiced because, at the time of the trial, the Judge was anticipating an appointment by the Governor as Chief Judge, which appointment was subsequently made.* This contention would attribute to the Governor and to the Judge a desire to achieve the conviction of this defendant, regardless of his guilt. No fact whatever is alleged which could lend color to such a charge, and we find this contention wholly without merit.

3. *Leniency to Co-Defendant.* The petitioner does not make very clear just what he objects to on this score. We suppose that he alleges an agreement between the

---

* Though the petition does not so state, the Governor had publicly announced his intention to make this appointment long before the applicant's arrest.

prosecutor and the petitioner's co-defendant by which (a) she was to plead guilty to the lesser charge, (b) the more serious charge against her was to be dropped, (c) a recommendation of leniency was to be made in her favor and (d) she should testify against the applicant. These facts, if true, fail to state any ground for review either on appeal or on *habeas corpus,* for they do not show any improper agreement. See *Lowe v. State,* 111 Md. 1, 73 A. 637. See also *Lisenba v. California,* 314 U. S. 219, 226-227.

The additional allegation that the testimony of his co-defendant was false does not give the petitioner a right to review on *habeas corpus.* There is no claim of any collusion by a State officer in adducing perjured testimony. See *Billman v. Warden,* 197 Md. 683, 79 A. 2d 540; *Thanos v. Superintendent,* 204 Md. 665, 104 A. 2d 926. Cf. *Mooney v. Holohan,* 294 U. S. 103; *Hysler v. Florida,* 315 U. S. 411.

In connection with the applicant's objection based upon the asserted agreement to recommend leniency for his co-defendant, he also seems to seek to challenge the sufficiency of the evidence to support his conviction and the sufficiency of the corroboration of the testimony of an accomplice. Such objections could have been made on appeal, but not on *habeas corpus.* The case cannot be retried in the latter type of proceeding. See the cases cited above under "Search and Seizure" (except the *Salsburg* case) and *Loughran v. Warden,* 192 Md. 719, 64 A. 2d 712.

4. *Denial of Severance.* This was a matter clearly within the discretion of the trial court. Like other alleged irregularities in the conduct of the trial it is reviewable, if at all, on appeal and not on *habeas corpus.* We may add that the allegations of the petition with regard to the applicant's claim that the denial of a severance was prejudicial to his case appear to be insubstantial and without merit.

5. *Denial of the Opportunity to Testify.* The applicant contends that his counsel would not permit him to take

the stand to testify in his own defense. No facts are alleged which would show either ineptness, lack of diligence or incompetence of the applicant's counsel. Still less is there any showing or, indeed, suggestion of fraud, bad faith or collusion on their part. This alleged ground for the issuance of the writ is also without merit. *Sykes v. Warden,* 201 Md. 662, 93 A. 2d 549; *Bowen v. Warden,* 202 Md. 646, 96 A. 2d 489; *Thanos v. Superintendent, supra; Faught v. Warden,* 205 Md. 639, 109 A. 2d. 56; *Wagner v. Warden,* 205 Md. 648, 109 A. 2d 118.

*Application denied, with costs.*