## RANDALL *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 9, October Term, 1955.]

*Decided January 5, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

BRUNE, C. J., delivered the opinion of the Court.

Eric Preston Randall filed an application for leave to appeal from an order remanding him to the custody of the Warden of the Maryland Penitentiary. This order was passed by Judge Niles, sitting in the Baltimore City Court, after a hearing on a writ of *habeas corpus* which had been issued by Judge Nice.

The applicant is serving a sentence of ten years' imprisonment imposed on January 17, 1953 by the late Chief Judge W. Conwell Smith in the Criminal Court of Baltimore, following Randall's trial and conviction as an accessory after the fact in a murder case. His trial took place on October 19 and 20, 1953 and his conviction occurred on the latter of those dates. The principal ground upon which he based his claim that he was illegally imprisoned at his hearing before Judge Niles was that he was tried before the alleged principal had been tried and convicted.

Randall was indicted in Baltimore County, but at his instance his case was removed for trial to Baltimore City. At the hearing before Judge Niles, the State's Attorney for Baltimore County who prosecuted the case against Randall and also the case against the principal, one Elkins, stated that Randall and his counsel not only consented, but expressly asked, that he be tried on October 19. The principal was then confined in the Spring Grove State Hospital for the Insane and was not mentally competent to be tried at that time. Elkins was tried in Baltimore County before Judges Hammond and Murray, without a jury, and was convicted of murder in

the first degree on December 14, 1953, and was sentenced to imprisonment for life. Randall was not sentenced until after Elkins' conviction. In *Hochheimer* on *Crimes and Criminal Procedure,* 2d Ed. (1904), Section 27, it is stated that, "At common law, an accessory cannot without his own express consent be put upon his separate trial until after conviction of the principal, nor in any case sentenced until after sentence of the principal." To the same general effect, see 22 C. J. S., 177, *Criminal Law,* Sec. 104, which requires only the consent of the accessory to trial and the conviction, rather than sentence, of the principal. The latter statement of the rule seems preferable. The applicant's trial, conviction and sentence were proper within either statement of the rule, even if the question were one which was available on *habeas corpus.* If the contention had any merit, it would appear to be open to review on appeal, and no special circumstances are present to take it out of the general rule that matters reviewable on appeal are not available on *habeas corpus.* See *Superintendent v. Calman,* 203 Md. 414, 101 A. 2d 207, and *Barker v. Warden,* 208 Md. 662, 119 A. 2d 710, and cases therein cited.

Several other grounds are assigned by the applicant in support of his claim that he is illegally imprisoned. To a large extent they seem to be derived from forms and couched in language which the applicant may not fully comprehend. In general, he appears to claim: (1) that a statement (presumably a confession, though this is far from clear) was obtained from him by police while he was held in custody under a demand for excessive bail and before he had an opportunity to consult with his family or an attorney, that he was allowed little food and little rest during this time and that his statement was involuntary; (2) that he was denied compulsory process for a witness; (3) that there was no specific statute dealing with his alleged offense and fixing maximum and minimum penalties; (4) that there was unfavorable publicity involving charges of homosexuality; and (5) that he was denied a speedy trial.

All of these questions could have been presented both at the time of his trial and on appeal. He was represented by counsel either of his own choice or selected by his family. No reason is suggested why the remedy of appeal was not availed of, and there is nothing to suggest that it could not have been.

In this State the law requires proof of the voluntary character of a confession before it can be admitted in evidence, and if the trial is before a jury, the jury also must pass upon its voluntary character. There is no reason to believe that, if a confession was offered in evidence (which we may assume but which does not clearly appear from this record), the requirement of such proof was ignored; nor is there any such allegation in the petition. This matter was one of the grounds upon which Randall sought a writ of *habeas corpus* in March, 1954. His petition was denied at that time by Judge Carter, there was no application for leave to appeal and the record of that proceeding was before Judge Niles at the petitioner's hearing in 1955. Since this question was available on appeal, it may not be raised on *habeas corpus*. See the *Calman* and *Barker* cases, *supra,* and the cases therein cited.

The denial of the opportunity to obtain witnesses has been held to go to the regularity rather than to the validity of the proceeding. It may be raised on appeal, but not on *habeas corpus*. *Sykes v. Warden,* 201 Md. 662, 93 A. 2d 549; *Selby v. Warden,* 201 Md. 653, 92 A. 2d 756.

The applicant's claim that there is no statute fixing maximum and minimum penalties for the offense of which he was convicted is without merit. The offense was a common law offense. It is also recognized as such by statute. If the point had any substance, it could have been raised on appeal. *Habeas corpus* cannot be made to serve the purpose of a demurrer or a motion to dismiss in the nature of a demurrer. *Loughran v. Warden,* 192 Md. 719, 64 A. 2d 712.

Unfavorable publicity could have been raised by appeal and not by *habeas corpus*. *Hickman v. Warden,* 203 Md.

668, 99 A. 2d 730. This, too, was a ground for Randall's first petition.

The claim that he has been denied a speedy trial seems to be in direct conflict with his claim that he was tried too soon. It is patently ill-founded.

Though it is not entirely clear whether or not the applicant sets up an alleged demand for excessive bail as a separate ground for seeking his release, this objection is not available in *habeas corpus* proceedings. *Daisey v. Warden,* 203 Md. 653, 98 A. 2d 99; *Hickman v. Warden, supra.*

The applicant also set up a claim based upon an alleged reduction in his sentence. This claim, if true, did not arise until after his hearing before Judge Niles and is not properly before us.

*Application denied, with costs.*