# JACKSON *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 11, October Term, 1956.]

600

*Decided October 9, 1956.*

Before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

Raymond Jackson seeks leave to appeal from the denial of the writ of *habeas corpus* by Judge Michael Paul Smith of the Circuit Court for Baltimore County. He seeks release from a thirty year sentence after conviction of armed robbery, saying that he is entitled to the writ because: 1, the arresting officer did not have a warrant for his arrest; 2, that at no time between the time of his arrest and conviction was he advised of his constitutional rights concerning incriminating statements; 3, that his court-appointed counsel refused to call his witnesses; 4, that the trial judge was prejudiced against him; and 5, that the State's Attorney stated that he did not have enough evidence to convict him.

Jackson's claim that a warrant was not issued for his arrest is of no avail. The irregularity of an arrest cannot be inquired into on *habeas corpus* after trial and conviction. *Smith*

*v. Warden,* 207 Md. 628; *Cumberland v. Warden,* 205 Md. 646.

The petitioner does not allege, nor does the record show, that he made a confession or admissions which were used to convict him. Before a confession is admitted against an accused, the court must be satisfied that it was made voluntarily. There is nothing to indicate that if an admission or confession was used against Jackson that the court failed in its duty and, if it did, the petitioner should have sought an appeal to rectify the error. If it be assumed that there was error in the respect hinted at, this would go to the regularity of the proceedings of a court of general jurisdiction and would not be ground for the issuance of the writ. *Loughran v. Warden,* 192 Md. 719; *Randall v. Warden,* 208 Md. 667.

Petitioner's complaints about the conduct of his counsel fall into the pattern that is so often revealed in applications for leave to appeal from the denial of a writ of *habeas corpus.* There is no allegation that petitioner complained to the court of counsel's conduct and no allegation or showing that counsel was guilty of fraud, bad faith or collusion with any officer of the State. This being so, petitioner's reliance on counsel's ineptness must fail. *Wagner v. Warden,* 205 Md. 648; *Faught v. Warden,* 205 Md. 639; *Barker v. Warden,* 208 Md. 662.

The claim that the trial judge was prejudiced against petitioner in that he would not allow him to testify or call witnesses in his behalf, concerns the regularity of the proceedings and not the jurisdiction of the court. It cannot be raised on *habeas corpus. Davis v. Warden,* 208 Md. 675. Particularly is this so where the errors complained of did not prevent resort to the remedy of appeal and an appeal could have been an effective means of preserving whatever rights petitioner had. *Loughran v. Warden, supra,* 192 Md. 719, 724.

Finally, petitioner's contention that the State's Attorney said there was not enough evidence to convict him, giving it the best effect from petitioner's point of view, amounts to a claim that there was not enough evidence to convict him. We have held on many occasions that *habeas corpus* may not be used to test the evidence which convicted an accused.

*Spencer v. Warden,* 207 Md. 630; *Georgevich v. Warden,* 207 Md. 632.

*Application denied, with costs.*