## LEGRAND *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION
[H. C. No. 19, October Term, 1954.]

**Decided December 8, 1954.**

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HAMMOND, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of a writ of *habeas corpus* by Judge Woodward of the Circuit Court for Montgomery County. The applicant, Leon Legrand, was tried on September 23, 1953 in the Criminal Court of Baltimore on the charge of burglary. He was found guilty and sentenced to two years in the Maryland House of Correction.

The petitioner bases his right to relief upon four contentions. First, that the evidence upon which he was convicted was insufficient and of doubtful quality. It is well settled that it is not within the scope of a *habeas corpus* proceeding to challenge the quality or the sufficiency of the evidence. *Tutt v. Warden,* 199 Md. 691, 693. See also *Chinquina v. Warden,* 198 Md. 658; *Sykes v. Warden,* 201 Md. 662; *Thanos v. Superintendent,* 204 Md. 665; *Spence v. Warden,* 204 Md. 661; *Laslo v. Warden,* 204 Md. 663.

Second, the petitioner contends that he was denied the right to summons witnesses in his defense. Such a contention, even if true, would not be the basis of granting a writ of *habeas corpus.* See *Spence v. Warden,* 204 Md. 661, 662, where it is stated: "The complaint of a petitioner that he was denied the opportunity of obtaining witnesses is reviewable on appeal, but not on *habeas corpus.*" See also *Walker v. Warden,* 190 Md. 729; *Daisey v. Warden,* 203 Md. 653; *Sykes v. Warden,* 201 Md. 662; *Spence v. Warden,* 204 Md. 661.

Third, the petitioner contends that his court-appointed counsel was not only incompetent but failed to show the slightest interest "in or for his client". The petitioner does not allege, nor is it shown, that he complained to the court of his counsel's incompetence, ineptness or lack of interest in his cause, nor is it shown, and he does not contend, that there was fraud or bad faith on the part of, or collusion with, any official of the State. Therefore, this cannot be a ground for granting *habeas corpus*. *Bowen v. Warden,* 202 Md. 646; *Sykes v. Warden,* 201 Md. 662; *Thanos v. Superintendent,* 204 Md. 665; *Stokes v. Warden,* 205 Md. 629; *Faught v. Warden,* 205 Md. 639.

Fourth, the petitioner contends that he asked for a new trial and was advised by the bailiff * * * "that Judge Smith refused to grant the motion because the five (5) day grace period expired." Apparently, reference is made to the three day requirement provided for making motions for new trials stated in Rule 502 of the Supreme Bench of Baltimore. This Court has repeatedly stated that the granting or refusal to grant a new trial is within the discretion of the trial court, and that this Court will not entertain, even on appeal, the trial court's rulings on motions for a new trial or the denial thereof. See *Williams v. State,* 204 Md. 55, 66; *Haley v. State,* 200 Md. 72; *Wilson v. State,* 181 Md. 1, 8; *Bosco v. State,* 157 Md. 407, 410. Certainly, the refusal to grant a new trial is not reviewable on *habeas corpus*.

*Application denied, with costs.*