## WHITE *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 21, October Term, 1956.]

624

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

BRUNE, C. J., delivered the opinion of the Court.

Nathaniel White was tried and convicted on June 14, 1956, before Judge Carter in the Criminal Court of Baltimore on the charge of robbery. His petition for a writ of *habeas corpus* was submitted to Judge Michael Paul Smith in the Circuit Court for Baltimore County, and was denied by him. The applicant complains: (1) of an alleged illegal arrest; (2) that his confession was obtained under duress; (3) that his commission of one of the alleged crimes was impossible because of his alleged incarceration at that time; (4) that he was denied the right to be confronted by witnesses; (5) that his lawyer did nothing for him, failing to call witnesses on his behalf.

1. *Illegal Arrest.* An alleged illegal arrest may not be reviewed after trial on *habeas corpus. Cumberland v. Warden,* 205 Md. 646, 109 A. 2d 66; *Smith v. Warden,* 207 Md. 628, 114 A. 2d 892.

2. *Confession under Duress.* The question of a confession being given under duress is one that goes to its voluntary character and such question could be raised on appeal, but may not be reviewed on *habeas corpus. Randall v. Warden,* 208 Md. 667, 119 A. 2d 712.

3. *Impossibility of Committing Crime.* The allegation by

the petitioner that he was incarcerated at the time of the commission of the crimes and that it was therefore impossible to have committed such crimes on December 12 and 24, 1952, and January 12, 1953, was rejected by Judge Smith in denying the petition for a writ of *habeas corpus*. In his opinion-letter, he stated, "* * * our records show that you were released from the Baltimore County Jail on December 9, 1952." An examination of public records is authorized in *habeas corpus* petitions. Code (1951), Article 42, Section 5. The alleged impossibility to commit the crime cannot be raised on *habeas corpus*. *Burger v. Wright*, 189 Md. 699 (designated as not to be officially reported), 55 A. 2d 332 (where the full opinion is reported).

4. *Right to Be Confronted by Witnesses.* The alleged denial of the right to confrontation by witnesses goes only to the regularity of the proceedings, not to the jurisdiction of the court, and cannot be raised on *habeas corpus*. *Hickman v. Warden*, 203 Md. 668, 99 A. 2d 730; *Bonsuk v. Warden*, 203 Md. 671, 100 A. 2d 645.

5. *Alleged Failure of Counsel to Act and Failure to Call Witnesses.* The petitioner alleges in rather general terms that his lawyer failed to do anything for him, and specifically asserts that his counsel and the trial court failed to call as witnesses in his defense three persons who were present in court at his trial. There is nothing to show that he asked either his counsel or the court to call them, nor is there any showing as to what facts they could have testified to, if they had been called. We find no charge of collusion and no allegations of fact from which collusion might be inferred. The matters now complained of go to the regularity of the proceedings, not to the jurisdiction of the court. We do not find that they would call for the issuance of the writ. See *Legrand v. Warden*, 205 Md. 662, 109 A. 2d 908; *Randall v. Warden*, 208 Md. 667, 119 A. 2d 712.

*Application denied, with costs.*